**SCHWARZ et al. v. NATIONAL LOAN & INVESTMENT CO.**

No. 12740.

Court of Civil Appeals of Texas. Dallas.

July 15, 1939.

Rehearing Denied Oct. 28, 1939.

Ramey & Adamson, of Sulphur Springs, and A. S. Jackson, of Dallas, for appellants.

Randall & Gray, of Dallas, for appellee.

LOONEY, Justice.

The events leading to the present controversy, briefly stated, are these: On March 12, 1927, Hawkins Court, Inc., conveyed to Otto Schwarz the lot of land involved in these proceedings, upon a recited consideration of $3,500,—cash $2,000, and a note for $1,500, retaining a lien on the land. This note was transferred by the vendor to the National Loan & Investment Company and, on April 1, 1927, Otto Schwarz and his wife Ruby executed a deed of trust on the lot to secure the note. On May 5, 1931, there was a foreclosure under this deed of trust, the Investment Company purchasing the property. Thereafter, on May 26, 1931, the Investment Company reconveyed the property to Otto and Ruby, retaining a lien to secure $1,250 unpaid purchase money, payable in monthly installments of $20 each. Otto and Ruby executed a deed of trust on the lot to secure the installment note. On January 3, 1933, there was a foreclosure under this trust deed, the Investment Company again being the purchaser. On January 27, 1933, the Investment Company conveyed the premises to Viola Schwarz, retaining a lien to secure a purchase money note for $1,460, payable in monthly installments of $15 each, and Viola and her husband, A. C. Schwarz, gave a deed of trust on the lot to secure the note.

A. C. Schwarz, husband of Viola, and Otto were brothers. It seems that, owing to the two preceding foreclosures, the Investment Company was unwilling to reconvey the property to Otto, but conveyed the same to Viola, she and her husband to execute, in favor of the Investment Company, the note and deed of trust above mentioned. Under some arrangement between Otto and his brother and Viola, legal title to the land was held by Viola for the benefit of Otto and Ruby, who, at all times involved in this inquiry, retained possession of the premises, and Ruby made practically all monthly payments that were made on the note executed by Viola and her husband.

Viola Schwarz died prior to November 30, 1934, on which date, letters of administration on her estate were issued to her husband, A. C. Schwarz. Besides her husband, she left surviving the following children: Richard, Helen, Eleanor, Rose Katherine, Gladys Henry and A. C. Schwarz, Jr.

In this status, on July 2, 1936, Otto Schwarz filed in the court below an action of trespass to try title (cause No. 22,937-D) against A. C. Schwarz, Administrator of the Estate of Viola, and the National Loan & Investment Company, to recover title to the lot in question. The Investment Company answered the suit appropriately, and filed a cross-action in the nature of trespass to try title, against Otto Schwarz and Ruby, his wife, also A. C. Schwarz and the surviving children and heirs at law of Viola, deceased, seeking recovery of title to and possession of the lot. The Investment Company predicated its right to recover the land, on the contention that it had the right to rescind the contract of sale, because it had been breached by failure to pay the purchase money installments. as agreed. The cross-action was answered by Ruby and Otto; A. C. Schwarz, individually, also as administrator, and the children of Viola, disclaimed, except Rose Katherine, a non compos mentis, for whom an answer was filed by the attorney appointed to represent her interest.

In this status of the pleadings, the cause was tried on the 9th day of April, 1937. After the introduction of evidence, Otto Schwarz took a non-suit, and, it appearing that there had been no default in the payment of purchase money, all installments having been regularly paid by Ruby, the court held that the right to rescind did not exist, therefore, announced that judgment would be rendered that the Investment Company take nothing by reason of its cross-action in trespass to try title.

It seems that the attorneys representing the Investment Company insisted that a clause be inserted in the judgment, expressly stating that the judgment pronounced was without prejudice to the rights of the Investment Company, if any, in regard to its unpaid purchase money and the lien securing same. Attorneys representing Otto and Ruby opposed the insertion of the clause in the judgment, and, after hearing opposing counsel, the court refused to permit the insertion of the clause, stating, however, in effect, that the only matter adjudicated was as to the right of the Investment Company to rescind the contract of sale; that no adjudication was made with reference to the lien, as that matter was not before the court. Thereupon, the following

entry was made: "It is therefore by the court ordered, adjudged and decreed that the defendant and cross-plaintiff, The National Loan & Investment Company, a corporation, take nothing by reason of its cross-action against the plaintiff Otto Schwarz and the defendants Otto Schwarz, Ruby Schwarz, A. C. Schwarz, individually and as Administrator of the Estate of Viola Schwarz, Richard Schwarz, Helen Schwarz, Gladys Henry and husband, James C. Henry; Eleanor Schwarz and A. C. Schwarz, Jr., and Rose Katherine Schwarz; * * *".

Subsequent to the rendition of this judgment, no further payments were made by either Otto, Ruby or anyone else on the purchase money note. Their failure to make further payments was due to the advice of counsel, who was of opinion that, at the time the Investment Company filed its cross-action in trespass to try title (in cause No. 22,937-D), based upon its claimed right to rescind, it had two remedies; that is, could either have affirmed the contract of sale and sought foreclosure of its lien, or disaffirmed and rescinded, and, having elected to pursue the latter, and prosecuted its action of trespass to try title to a finality, and being defeated, was estopped to thereafter seek foreclosure.

A few months after the entry of the take nothing judgment (in cause No. 22,937-D), no further payments having been made on the purchase money note, the Investment Company instituted the present suit, naming as defendants the same persons in whose favor said judgment was rendered. The suit had a dual purpose: first, the Investment Company sought to have the judgment (in cause No. 22,937-D) reformed, by inserting therein the "without prejudice clause", heretofore mentioned; the contention being that, the failure of the court to insert the clause at the time the judgment was rendered was due to deception practiced by appellants and their attorneys; and, in a second count, the Investment Company sought foreclosure of its lien on the lot to satisfy the unpaid portion of the purchase money note, alleged to be $1,308.-30. Lengthy answers were filed by both Otto and Ruby; Rose Katherine answered through the attorney appointed to represent her interest, and the effect of the answer of the other defendants, as recognized by the court in its judgment, was a disclaimer.

On April 26, 1938, the case was tried without a jury, resulting in judgment in favor of the Investment Company, correcting the take nothing judgment of April 9, 1937, by inserting therein the following clause, to wit: "It is the intent and purpose of this judgment only to deny to The National Loan & Investment Company its right to rescind its contract or deed dated January 27, 1933, executed by The National Loan & Investment Company, cross-plaintiff herein, in favor of Viola Schwarz and of record in Vol. 1790, page 123, of the Deed Records of Dallas County, Texas, and the validity of the lien therein retained and the deed of trust given to secure the same, together with the right to foreclose the same as against any and all of the parties hereto for breach or failure to comply with any of the terms, conditions or provisions thereof, shall not be prejudiced or impaired hereby or by any of the terms hereof, anything in this judgment to the contrary notwithstanding", also decreeing as against all defendants foreclosure of the lien on the lot for the satisfaction of $1,-308.30, balance due on the note. From this judgment, Otto and Ruby Schwarz appealed, assigned errors, and urged propositions challenging the correctness of the judgment in the respects just mentioned.

■ We do not deem it necessary to discuss at any length the contention that the court erred in amending or correcting the judgment of April 9, 1937 (in cause No. 22,937-D), by inserting therein the without prejudice clause, as we do not regard the action of the court in so doing of any materiality, one way or the other. In rendering the judgment, the court could, with propriety, have inserted the without prejudice clause, as requested by appellee, without, in the least, prejudicing the rights of appellants, but its failure to do so, in our opinion, neither altered the status nor prejudiced the rights of appellee, for the simple reason that, the only matter decided was that the Investment Company failed to show that it was entitled to rescind the contract of sale. No adjudication was sought, nor was any had, involving the validity of the lien securing the unpaid purchase money. In the formal action of trespass to try title, neither the debt owing for unpaid purchase money, nor the validity of the lien securing same, was put in issue, nor was any adjudication made with reference thereto.

The first count, in our opinion, did not present a justiciable question, and the matter has been magnified far beyond its im-

portance. However, will state that, we fail to find in the record any real justification for the charge that appellants' counsel was guilty of deception or fraud, in opposing the insertion of the "without prejudice clause" in the judgment of April 9, 1937. We think it apparent that his position, although not disclosed at the time, was that, under the doctrine of election, as announced in the case of Marshall v. Mayfield, Tex. Com.App., 227 S.W. 1097, the right of the Indemnity Company to foreclose its lien in the future would be affected by the take nothing judgment, denying it the right to rescind.

So, we conclude that the controversy, in regard to the "without prejudice clause", from beginning to end, was much ado about a relatively immaterial matter. However, if the court erred in amending the judgment of April 9, 1937, by inserting therein the "without prejudice clause", the error was altogether harmless, in that, it neither benefited nor prejudiced either party.

The record discloses that, while Otto and his wife, Ruby, filed separate answers and briefs, the main contention of each is the same, that is, that, under the doctrine of the election of remedies, appellee estopped itself to seek foreclosure of its lien. So, the question presented, is: Did the Investment Company, at the time it filed its cross-action in trespass to try title, based upon its assumed right to rescind the contract of sale, have two available, inconsistent remedies? If so, having prosecuted the action to rescind the contract of sale to final judgment, waived its right of foreclosure, and estopped itself to prosecute the present action.

For appellants to successfully invoke the doctrine of the election of remedies, it must appear that appellee had two available, inconsistent remedies, one of which was chosen and pursued to a finality; that is, it must be made to appear that at the time appellee filed its cross-action for the recovery of the land, it could either have rescinded the contract of sale and asserted its superior title to the lot, for failure to pay the purchase money due, or affirmed and sought foreclosure of its lien. This doctrine was very succinctly stated by Judge King, in Tullos v. Mayfield, Tex.Civ. App., 198 S.W. 1073, 1074, as follows: "In order to sustain a defense founded upon the doctrine of election, it must be made to appear that the plaintiff actually had two valid, available, and inconsistent remedies,

and that he undertook to pursue one, and his supposition that he had a particular remedy, and his effort to enforce it, is immaterial, and does not constitute an election, unless the remedy, in fact, existed."

On trial of the trespass to try title action, the evidence disclosed that there had been no default in the payment of the installments due on the purchase money note, therefore, the court held that the Indemnity Company had no legal right to rescind the contract of sale, hence rendered the take nothing judgment; and, as there had been no default, the right to institute foreclosure proceedings did not exist. The fact that appellee misconceived its right and, through a mistake, attempted to rescind and was defeated will not prevent it from prosecuting the present action of foreclosure, based upon a subsequent breach of the contract of sale, that is, failure to pay the purchase installments as provided in the contract.

In the case of White v. Bell, Tex. Civ.App., 290 S.W. 849, 851 (writ denied), Judge Barcus, speaking for the Waco Court, said:

"It is a well-established rule of law that, before an election of remedies is binding, there must have been in fact two separate, distinct, and inconsistent remedies existing at the time the election was made, and, if a party attempts a remedy which he thinks he has, but which as a matter of law does not exist, he is not thereby barred or defeated from prosecuting his legal remedy. 20 C.J. pp. 19–21; Wiseman v. Cottingham, 107 Tex. 68, 174 S.W. 281; Griffin v. Williams (Tex.Civ.App.) 142 S.W. 981; Tullos v. Mayfield (Tex.Civ.App.) 198 S.W. 1073. What we think to be the correct rule is stated and supported by authorities from almost every state in the Union in 20 Corpus Juris, p. 21, as follows:

"'An election (of remedies) can exist only where there is a choice between two or more inconsistent remedies actually existing at the time the election is made. Hence, the fact that a party misconceives his right, or through mistake attempts to exercise a right to which he is not entitled, or prosecutes an action based upon a remedial right which he erroneously supposes he has, and is defeated because of such error, does not constitute a conclusive election and does not preclude him from thereafter prosecuting an action based upon an inconsistent remedial right.'"

See, also, Payton v. Travis County, Tex. Civ.App., 129 S.W.2d 361; other authorities could be cited to the same effect. So, we conclude that, under the facts and controlling rules of law, appellee was not estopped to prosecute the present action of foreclosure.

Appellee does not seek a personal judgment against anyone for the unpaid purchase money, simply seeks foreclosure, alleging that there is a balance due on the note executed by Viola and her husband, A. C. Schwarz, of $1,308.30. For the first time, in their assignments and propositions, appellants challenge the correctness of the judgment, wherein the court fixed the amount of the unpaid purchase money at $1,308.30. This contention is urged because the statement of facts fails to include the purchase money note.

The record, in our opinion, conclusively shows that the note was in evidence; it was so considered by the court and by Mr. Adamson, attorney for appellant, during the examination of the witness Compere, who, while being questioned as to the amount due on the note, had same in his hand, and, at one juncture, Mr. Adamson stated: "We submit that the book (the pass-book) is the best evidence of the recitals in it, and any statement made by the witness would be his conclusion; the book is the best evidence of its contents, and the note is the best evidence of the payments that have been made upon it, or should have been made." At another juncture in the examination the witness was asked: "Now, based upon that, what was due on this loan, as of April 1, 1937, on the principal?" Mr. Adamson interposed an objection, stating: "We object to it, for the same reason we stated yesterday. The note is in evidence, and any statement by the witness would be his conclusion as to what the note and the pass-book showed." The witness having answered that the pass-book showed correctly all payments on the note, the court observed, "The note is in evidence and the schedule of payments will show for themselves what they do show. Is that right?" Mr. Gray, counsel for appellee, answered, "Yes, Sir".

In view of these record recitals, we do not think it can be successfully contended that the note was not put in evidence. As appealing parties, it was the duty of appellants to see to it that a correct statement, embodying all facts proven on the trial of the cause, was properly prepared before being presented for approval and signature by opposing counsel or the court. In the situation presented, we think appellants are estopped to take advantage of the absence of the note from the statement of facts, and that equity will regard as done that which ought to have been done. Besides, in addition to the note, the court had before it the deed from appellee to Viola, and the deed of trust executed by Viola and husband, each describing the note, as well as the pass-book showing all payments made on the loan. So, we do not think it can be said that the court erred in fixing the amount of the unpaid purchase money at $1,308.30.

We have examined and duly considered all other assignments and propositions urged for reversal, but, failing to find reversible error, the judgment of the court below is affirmed.

Affirmed.