Jones v. Sessions 















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-168-CV

     GREGORY EARL JONES,
                                                                                   Appellant
     v.

     J.R. SESSIONS, JR., ET AL.,
                                                                                   Appellees
 

From the 87th District Court 
Freestone County, Texas
Trial Court # 91-116-B
                                                                                                    

MEMORANDUM OPINION
                                                                                                    

      Gregory Jones appeals the August 31, 1993, granting of a summary judgment. The transcript
was timely filed on September 16. To date, however, no brief has been filed on Appellant's
behalf, and no reasonable explanation has been shown for such failure.
      The appeal is dismissed for want of prosecution. See Tex. R. App. P. 74(l)(1).             

                                                                                     PER CURIAM
Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
Dismissed
Opinion delivered and filed November 24, 1993
Do not publish 



o Rule 145, Texas Rules of Civil
Procedure. Chapter 14, section 14.003, Texas Civil Practice and Remedies Code, applies to suits
brought by an inmate who has filed an affidavit of inability to pay costs. Section 14.003(a) allows
a court to dismiss a suit before or after process is served if the court finds (1) the allegation of
poverty is false; (2) the claim is frivolous or malicious; or (3) the inmate filed an affidavit or
unsworn declaration required by chapter 14 that the inmate knew was false. In determining
whether a claim is frivolous or malicious, the court may consider whether (1) the claim's realistic
chance of ultimate success is slight; (2) the claim has no arguable basis in law or fact; (3) it is
clear the party cannot prove facts in support of the claim; or (4) the claim is substantially similar
to a previous claim filed by the inmate.
      Section 14.004 requires the inmate to file a separate affidavit or declaration identifying each
prior suit brought by the inmate, specifying the operative facts, the case name, the cause number,
the court in which it was brought, the names of the parties, and the result of the suit. Id. §
14.004(a). This section further requires the inmate to file a certified copy of his trust account
statement from the department. Id. 14.004(c).
      Our review of a dismissal under chapter 14 is controlled by the abuse of discretion standard. 
Abuse of discretion is determined by whether the court acted without reference to any guiding
principles. Craddock v. Sunshine Bus Lines, 133 S.W.2d 136 (Tex. 1939).
      Appellant's petition was not accompanied by the affidavit or unsworn declaration required by
section 14.04 or by the certified copy of the trust account as required by that section.
      Chapter 14 was designed to control the flood of frivolous lawsuits being filed by prison
inmates, consuming valuable judicial resources with little offsetting benefit. Hickson v. Moya, et
al., 926 S.W.2d 397 (Tex. App.—Waco 1996, no writ).
      The supplemental filing required by section 14.004 is designed to assist the court in making
determinations the Legislature called upon it to make; thus it is an essential part of the process by
which the courts review inmate cases.
      Because the court can dismiss where an inmate files a false affidavit or declaration, that same
policy allows a court to dismiss a suit that is filed without the affidavit or declaration. Hickson,
supra.
      For all of the reasons discussed, the trial court did not abuse its discretion in dismissing
Appellant's suit.
      The order of the trial court is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Chief Justice Davis
      Justice Vance and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed January 22, 1997
Do not publish