Shabazz-C v. Harris et al. 















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-100-CV

     CURTIS SHABAZZ,
                                                                                              Appellant
     v.

     TODD E. HARRIS, ET AL.,
                                                                                              Appellee
 

From the 278th District Court
Madison County, Texas
Trial Court # 8009
                                                                                                    

O P I N I O N
                                                                                                    

      Appellant Shabazz appeals from an order of the trial court dismissing his pro se informa
pauperis action.
      Shabazz, a prison inmate, brought suit pro se informa pauperis against Todd E. Harris, Steven
Goolsby, Todd Casiato, L. Paulk, S. Rogers, S. Wilkerson, J. F. Lona, and R. Telford, all
employees of the Texas Department of Criminal Justice.
      His suit alleged conspiracy, conversion of his typewriter, proof of purchase receipt of his
typewriter, his lawbook dictionary, and photo album. He sought $7,000 compensatory damages
and $35,000 in punitive damages, plus an order enjoining defendants from committing retaliatory
acts against him.
      The trial court dismissed the action, finding that Appellant had no standing and failed to state
a cause of action.
      Appellant appeals on three points: (1) whether the trial court abused its discretion in
determining Appellant's claims had no arguable basis in law or facts; (2) whether the trial court
abused its discretion in deciding Appellant stated no cause of action—that relief could be granted;
(3) whether the trial court abused its discretion in denying relief, dismissing Appellant's claim of
deliberate indifference, and cruel and unusual punishment.
      Rule 145, Texas Rules of Civil Procedure, allows a "party who is unable to afford costs" to
file an affidavit in lieu of security for costs. Chapter 14, § 14.003, Texas Civil Practice &
Remedies Code, applies to suits brought by an inmate who has filed an affidavit or unsworn
declaration of inability to pay costs. Section 14.003(a) allows a court to dismiss a suit before or
after process is served if the court finds: (1) that the allegation of poverty in the affidavit is is
false; (2) the claim is frivolous or malicious, or (3) the inmate filed an affidavit or unsworn
declaration required by Chapter 14 that the inmate knew was false. In determining whether a
claim is frivolous or malicious, the court may consider whether (1) the claim's realistic chance of
ultimate success is slight, (2) the claim has no arguable basis in law or fact, (3) it is clear that the
party cannot prove facts in support of the claim, or (4) the claim is substantially similar to a
previous claim filed by the inmate because the claim arises from the same operative facts. Id. §
14.003(a).
      Section 14.004 requires the inmate to file a separate affidavit or declaration identifying each
prior suit brought by the inmate, specifying the operative facts, the case name, the cause number,
the court in which it was brought, the names of the parties, and stating the results of the suit. Id.
§ 14.004(a). This section requires the inmate to file a certified copy of his trust account statement
from the Department. Id. § 14.004(c). Section 14.005 applies to complained of acts that are
subject to the required grievance procedure set up by the Department.
      Our review of a dismissal under Chapter 14 is controlled by the abuse of discretion standard. 
Abuse of discretion is determined by whether the court acted without reference to any guiding
principles. Craddock v. Sunshine Bus Lines, 133 S.W.2d 136 (Tex. 1939).
      Shabazz's petition was not accompanied by the affidavit or unsworn declaration required by
§ 14.004, Texas Civil Procedure and Remedies Code. Chapter 14 was designed to control the
flood of frivolous lawsuits being filed in the courts by prison inmates, consuming valuable judicial
resources with little offsetting benefit. Hickson v. Moya, et al., 926 S.W.2d 397 (Tex.
App.—Waco 1996). The supplemental filing required by § 14.004 is designed to assist the court
in making determinations that the Legislature called upon it to make; that it is an essential part of
the process by which courts review inmate litigation.
      Because the court can dismiss when an inmate files a false affidavit or declaration, that same
policy allows a court to dismiss a suit that is filed without the affidavit or declaration. Hickson,
supra.
      The court did not abuse its discretion in dismissing Shabazz's suit when he failed to file the
accompanying affidavit or unsworn declaration describing all prior litigation to which he was a
party-plaintiff.
      The order of the trial court is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)
Before Justice Cummings,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed October 9, 1996
Do not publish