Reed-GW v. Mata 















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-145-CV

     GARY W. REED,
                                                                                              Appellant
     v.

     CAPT. PAUL MATA,
                                                                                              Appellee
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 30,095
                                                                                                    

O P I N I O N
                                                                                                    

      Appellant Reed appeals from an order of the trial court dismissing his pro se informa pauperis
lawsuit.
      Reed, a prison inmate, brought suit pro se informa pauperis against Capt. Mata of the Texas
Department of Criminal Justice, for review of an administrative decision disciplining him and
taking away his good time. Appellant sought monetary damages against Capt. Mata for pain and
suffering inflicted on him. The trial court dismissed the cause as frivolous, malicious and for
failure to state a cause of action.
      Rule 145, Texas Rules of Civil Procedure, allows a "party who is unable to afford costs" to
file an affidavit in lieu of security for costs. Chapter 14, § 14.003, Texas Civil Practice &
Remedies Code, applies to suits brought by an inmate who has filed an affidavit or unsworn
declaration of inability to pay costs. Section 14.003(a) allows a court to dismiss a suit before or
after process is served if the court finds (1) that the allegation of poverty in the affidavit is false;
(2) the claim is frivolous or malicious; or (3) the inmate filed an affidavit or unsworn declaration
by Chapter 14 that the inmate knew was false. In determining whether a claim is frivolous or
malicious, the court may consider whether (1) the claim's realistic chance of ultimate success is
slight; (2) the claim has no arguable basis in law or fact; (3) it is clear the party cannot prove facts
in support of the claim; or (4) the claim is substantially similar to a previous claim filed by the
inmate because the claim arises from the same operative fact. Id. 14.003(a).
      Section 14.004 requires the inmate to file a separate affidavit or declaration identifying each
prior suit brought by the inmate, specifying the operative facts, the case name, the cause number,
the court in which it was brought, the names of the parties, and stating the result of the suit. Id.
14.004(a). This section requires the inmate to file a certified copy of his trust account statement
from the Department. Id. 14.004(c). Section 14.005 applies to complained of acts that are subject
to the required grievous procedure set up by the Department.
      Our review of a dismissal under Chapter 14 is controlled by the abuse of discretion standard. 
Abuse of discretion is determined by whether the court acted without reference to any guiding
principles. Craddock v. Sunshine Bus Lines, 133 S.W.2d 136 (Tex. 1939).
      Appellant's petition was not accompanied by the affidavit or unsworn declaration required by
§ 14.004, Tex. Civ. Prac. & Rem. Code. Chapter 14 was designed to control the flood of
frivolous lawsuits being filed by prison inmates consuming valuable judicial resources with little
offsetting benefit. Hickson v. Moya, et al., 926 S.W.2d 397 (Tex. App.—Waco 1996). The
supplemental filing required by § 14.004 is designed to assist the court in making determinations
the legislature called upon it to make; thus it is an essential part of the process by which the courts
review inmate litigation.
      Because the court can dismiss when an inmate files a false affidavit or declaration, that same
policy allows a court to dismiss a suit that is filed without the affidavit or declaration. Hickson,
supra.
      The court did not abuse its discretion in dismissing Appellant's suit when he failed to file the
accompanying affidavit or unsworn declaration describing all prior litigation to which he was a
party-plaintiff.
      The order of the trial court is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed November 20, 1996
Do not publish