Russell Eugene Galer II v. Property Officer, Pickens and Grievance Officer Moore, Boyd Unit















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-239-CV

     RUSSELL EUGENE GALER, II,
                                                                         Appellant
     v.

     PROPERTY OFFICER, PICKENS
     AND GRIEVANCE OFFICER, MOORE,
     BOYD UNIT,
                                                                         Appellees
 

From the 87th District Court
Limestone County, Texas
Trial Court # 00-166-B
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      On July 5, 2000, this court received a clerk’s record containing Russell Galer’s notice of
appeal from the trial court’s order of dismissal filed on June 21. That order of dismissal cited
Chapter 14 of the Civil Practice and Remedies Code as the basis for the dismissal (“Chapter 14”). 
See Tex. Civ. Prac. & Rem. Code Ann. Ch. 14 (Vernon Supp. 2001). Galer’s brief was
originally due on August 4. On September 5, we sent a letter to Galer in which he was informed
that his failure to file a brief within ten days could result in the dismissal of this appeal. On
September 15, exactly ten days after the date of our letter, we received correspondence from Galer
which was filed as a response. In that correspondence, Galer “ask[ed] this court to observe Rule
4.2 of these same rules [of appellate procedure] regarding notice of the trial court’s judgment and
compel the trial court to issue written statement facilitating intelligent appeal with an order to that
effect.” We informed Galer that “Rule of Appellate Procedure 4.2 is inapplicable” and notified
him that the appeal would be dismissed for want of prosecution if a brief was not filed within
twenty days.
      On December 28, Galer filed a motion for judgment of default, which we denied on January
3, 2001. On January 8, he filed “a brief,” consisting of one paragraph, in which he stated, in full:
WHAT THE CLERK APPEARS TO BE TELLING THIS PLAINTIFF IN HER LETTER
DATED DECEMBER 28, 2000 IS THAT RULE 4.2 VANISHES IN APPLICATION. 
PLAINTIFF’S CASE IS DISMISSED WITH PREJUDICE AND NO REASON IS
PROVIDED. PLAINTIFF APPEALS BELIEVING A JUDGMENT WITHOUT REASON
IS MERELY A REFLEX. THE APPEALS COURT ASKS FOR A BRIEF SPECIFYING
THE ERRORS COMPLAINED OF IN THE TRIAL COURT’S JUDGMENT. TOO MUCH
LEFT HANDED ENGLISH ON THE CUE BALL. NOW WHAT? PLEASE CONSULT
RULE OF APPELLATE PROCEDURE 4.2 AND NOTICE PLEASE THE TITLE OF THE
CODE.

We now review the merits of this appeal.
      The appellees are officers of the Texas Department of Criminal Justice—Institutional Division
(TDCJ—ID), who work at the Boyd Unit in Teague. This appeal arises from a petition filed by
Galer in which he complained that his sunglasses and a container of baby powder were taken in
a “random shakedown” of his cell. His complaint states that he “has been taking lithium for a bi-polar disorder and either that or the dungeon therapy imposed by the burger king disciplinary
committee have made [his] eyes very sensitive to strong sunlight.” Galer also filed in the trial
court an “objection to the application of Tex Civ Prac & Rem Code section 14.001 as a direct
violation of the equal protection clause of the United States Constitution in that Petition is
proceeding in forma pauperis and the raggedy ass carbon he is now using will not permit four
copies.” It is unclear exactly what Galer objected to because section 14.001 is merely definitional. 
The court nevertheless dismissed the petition, finding it frivolous or malicious under Chapter 14. 
      Galer filed an unsworn declaration of inability to pay costs. Chapter 14 applies to a suit
brought by an inmate, other than one filed under the Family Code, who files an affidavit or
unsworn declaration of inability to pay costs. Id. § 14.002.
      Section 14.003(a) provides that a court may dismiss a claim, either before or after service of
process, if the court finds that: (2) the claim is frivolous or malicious. Id. § 14.003(a). Section
14.003(b) provides that in determining whether a claim is frivolous or malicious, the court may
consider whether: 1) the claim’s realistic chance of ultimate success is slight; 2) the claim has no
arguable basis in law or in fact; 3) it is clear that the party cannot prove facts in support of his
claim; or 4) the claim is substantially similar to a previous claim filed by the inmate. Id. §
14.003(b). The court dismissed Galer’s suit on the basis of section 14.003.
      Our review of a dismissal under Chapter 14 is controlled by the abuse of discretion standard. 
Hickson v. Moya, 926 S.W.2d 397, 398 (Tex. App.—Waco 1996, no writ). Abuse of discretion
is determined by whether the court acted without reference to any guiding principles. Craddock
v. Sunshine Bus Lines, 133 S.W.2d 136 (Tex. 1939); Samuels v. Strain, 11 S.W.3d 404, 406
(Tex. App.—Houston [1st Dist.] 2000, no pet.). On the record before us, we cannot hold that the
trial court abused its discretion by dismissing this lawsuit. On its face, Galer’s claim has no
arguable basis in law or in fact. Thus, it was properly dismissed under section 14.003. 
      The judgment is affirmed. 

                                                             PER CURIAM

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed April 4, 2001
Do not publish



n>      Rivera complains in his first point that the trial court erred by admitting evidence of several
convictions that occurred more than ten years prior to trial. Initially, the trial court excluded
Rivera’s convictions for unauthorized use of a motor vehicle in 1985, an unnamed felony in 1986,
a DWI in 1987, and a burglary of a building in 1987. However, the trial court reversed its
decision and admitted the convictions as substantive evidence going to the best interest of the
children. Rivera argues that Rule 609(b) prohibits the introduction of convictions which occurred
greater than ten years prior to trial.


 
      In determining the best interest of the children, the Texas Supreme Court has iterated a list
of non-exclusive factors to be considered. Holley v. Adams, 544 S.W.2d 367, 372 (Tex. 1976);
In re A.M.C., 2 S.W.3d 707, 717 (Tex. App.—Waco 1999, no pet.). These factors are:
(A) the desires of the child; (B) the emotional and physical needs of the child now and in the
future; (C) the emotional and physical danger to the child now and in the future; (D) the
parental abilities of the individuals seeking custody; (E) the programs available to assist these
individuals to promote the best interest of the child; (F) the plans for the child by these
individuals or the agency seeking custody; (G) the stability of the home or proposed
placement; (H) the acts or omissions of the parent which may indicate that the existing
parent-child relationship is not a proper one; and (I) any excuse for the acts or omissions of
the parent.

Id.
      Rivera has been convicted of theft three times in the past ten years and has also been convicted
of criminal trespass and criminal mischief. His prior property crimes of burglary and
unauthorized use of a motor vehicle are probative to show a continuing pattern of unlawful
activity. Similarly, his conviction for DWI in 1987 is also probative with regard to his present
alcohol related crimes. He has been cited for public intoxication five times in the past ten years,
the most recent being in September 1995, shortly after being released from treatment. We find
that the 1987 DWI is also probative to show lack of reformation and is relevant to what is in the
best interest of the children. It shows that Rivera has a continuing and ongoing alcohol problem
that arrest and treatment do not seem to remedy. We find that, based on the factors iterated in
Holley, admission of the evidence of Rivera’s prior felony convictions and his 1987 DWI
conviction, were within the trial court’s discretion. Therefore, we overrule Rivera’s first point.
Hearsay Statements
      Rivera alleges in his fourth point that he was denied his right to cross-examine witnesses
against him when the court admitted several statements made by the children and testified to by
witnesses for DPRS. Rivera objected to the statements based on hearsay. DPRS argued at trial
that the hearsay statements are admissible under the hearsay exception in Family Code section
104.006. See Tex. Fam. Code Ann. § 104.006 (Vernon Supp. 2000). However, section 104.006
applies to only those cases filed on or after September 1, 1997. Act of May 19, 1997, 75th Leg.,
R.S., ch. 575, § 4, 1997 Tex. Gen. Laws 2012, 2013. This case was filed May 13, 1997, so
section 104.006 does not apply.
      DPRS adduced evidence from several therapists and caseworkers in this case. Dr. Shinder
testified that D.R. told him that Rivera “whips me with a pool cue.” Rivera also complains that
certain testimony from caseworker, Christine Haberman, as to the children’s statements with
regard to their feelings about their parents was hearsay. Because Rivera did not object to this
testimony, he has failed to preserve his complaint regarding its admission. See Tex. R. App. P.
33.1(a)(1).
      AliceAnn Brunn testified that J.E.R stated that “her father is in prison for trying to cut her
mother’s head off.” The trial court allowed this testimony, over Rivera’s hearsay objection, under
section 104.006 of the Family Code and “in order to protect the welfare of the child.” 
Caseworker Jasmine Khan also testified to the same statement by J.E.R. This statement was not
offered for the truth of the matter asserted. Thus, the statement is not hearsay and was properly
admitted by the trial court.
      Tim Sharkey testified that he heard D.R. ask J.E.R “Do you remember the time that father
made us drink beer?” Rivera objected to this testimony as hearsay. DPRS expressly offered this
statement under section 104.006 of the Family Code which, as we have stated, does not apply to
this case. The admission of this statement was improper and the trial court erred in allowing this
testimony into evidence. However, where the trial court makes an error of law, the judgment will
not be reversed unless the error probably caused the rendition of an improper judgment. See Tex.
R. App. P. 44.1(a)(1).
Sufficiency of the Evidence
      We first turn to the remaining evidence properly adduced in this case to determine if the
evidence is legally and factually sufficient to support termination of Rivera’s parental rights.
      DPRS charged that Rivera engaged in conduct or knowingly placed his children with persons
who engaged in conduct which endangered the physical or emotional well-being of the children
under subsection (1)(E) of Texas Family Code section 161.001. Subsection (1)(E) requires that
the parent’s conduct endanger the child. Texas courts have held that conduct of the parent prior
to paternity is relevant to this inquiry. See In re M.D.S., 1 S.W.3d 190, 198 (Tex.
App.—Amarillo 1999, no pet.). If the evidence shows a course of conduct that “has the effect of
endangering the children,” a finding under section 161.001(1)(E) will be upheld. Lucas v. Texas
Dep’t of Protective & Regulatory Servs., 949 S.W.2d 500, 503 (Tex. App.—Waco 1997, pet.
denied). Evidence of a parent’s abuse of a spouse will support termination of the abuser’s parental
rights even if the children are not witness to the abuse. Id.
      The record in this case reflects a course of conduct driven by alcohol. Each conviction for
assault, including the aggravated assault for which Rivera is presently incarcerated, involved
alcohol and was directed at Bernadine Lozano, the mother of the children in this case. He has also
been convicted several times of theft and other property-related crimes.
      Rivera testified that he had struck Lozano on occasion and also testified that he barricaded
himself inside the apartment with the children and held the children hostage until the police
convinced him to surrender. The record also contains evidence that, during the course of the
aggravated assault on Lozano, Rivera held a knife to Lozano’s throat. We find this evidence to
be legally and factually sufficient to support the jury’s findings. Point two is overruled.
      We now turn to the question of whether the improper admission of evidence probably caused
the rendition of an improper judgment.
Harm Analysis
      We concluded above that the court erred when it allowed hearsay to be admitted. A review
of the full record shows that the error was harmless. The inadmissible testimony was nothing
more than a question about “drinking beer.” We do not find that this evidence was such as to
have caused an improper judgment. See Tex. R. App. P. 44.1 (a)(1). Point four is overruled.
Conclusion 
      Under the clear and convincing evidence standard of review, we find that the jury could have
reasonably found from the admissible evidence that Rivera engaged in conduct which endangered
the well being of the children. See Spangler, 962 S.W.2d at 257. We also find that the
erroneously admitted hearsay statement did not cause the rendition of an improper judgment.
      Because sufficient evidence exists to support the verdict under the conduct theory of the case,
we need not address Rivera’s third point regarding DPRS’s alternate ground for termination
concerning conditions or surroundings.
      The judgment of the trial court is affirmed.
                                                                         
 
 
                                                                         REX D. DAVIS
                                                                         Chief Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed February 14, 2001
Do not publish