IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00329-CV

 

Marrgaret Hiebeler,

                                                                                    Appellant

 v.

 

OCC Construction Corporation,

                                                                                    Appellee

And

 

No. 10-08-00354-CV

 

Margaret Meece and Patrick Meece, 

                                                                                    Appellants

 v.

 

OCC Construction Corporation,

                                                                                    Appellee

 

 



From the 361st District Court

Brazos County, Texas

Trial Court No. 03-001642-CV-361

Consolidated with No.
03-001643-CV-361

 



DISSENT TO SEVERANCE AND REINSTATEMENT ORDER



 

            The Court’s opinion and judgment in
10-08-00329-CV has not issued. On September 18, 2008 we received a notice of
bankruptcy of two of the Appellants.  On October 7, 2008 we acknowledged the
automatic stay due to having received the notice of bankruptcy.  Today we
purport to sever the proceeding on our own motion.  I would not.

            I would inquire of the parties
regarding whether the matter was appropriate for severance, in particular
whether the Appellees’ claims against the Appellants as well as the Appellants’
claims and counterclaims are severable.  Before I vote to attempt to sever the
Appellants, I would request briefing on the issue of severability.  Further, it
appears we may be creating an undesirable course of proceeding because, while
represented by able counsel, none of the parties has sought this Court’s
intervention in this manner.

            Accordingly, I respectfully dissent
from the severance and reinstatement order.








 

 

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Dissent
to Severance and Reinstatement Order delivered and filed October 15, 2008

Publish






l court dismissing his pro se in forma
pauperis action as frivolous.
      Appellant, a prison inmate, filed suit against the Texas Department of Criminal Justice-Internal Affairs Division; Hughes Unit; John Vanderwrueff; James L. Trefftzs; Jimmy Wilcox;
Special Prosecution Unit TDCJ Gatesville; Riley J. Simpson, District Attorney; Sandy Gately, Ex
District Attorney; and Phillip Zeigler, District Judge Coryell County.
      Appellant alleged Appellees violated his civil rights in a number of ways and sought damages
of $999,999.00 jointly and severally against each Appellee, plus exemplary damages.
      On April 12, 2000, the trial court dismissed the case as frivolous pursuant to Chapter 14 of
the Tex. CIV. Prac. & Rem. code.
      Appellant appeals contending the trial court erred in dismissing his case.



      Appellees Vanderwrueff, Trefftzs and Wilcox are employees of the TDCJ-ID in Gatesville;
Appellee Simpson is District Attorney of the 52nd District; Appellee Gately is a former District
Attorney of the 52nd District; and Appellee Zeigler is District Judge of the 52nd District.
      Section 14.003(a) provides that a court may dismiss a claim, either before or after service of
process, if the court finds that: (2) the claim is frivolous or malicious. Section 14.003(b) provides
that in determining whether a claim is frivolous or malicious, the court may consider whether: 
1) the claim’s realistic chance of ultimate success is slight; 2) the claim has no arguable basis in
law or fact; (3 it is clear that the party cannot prove facts in support of the claim; or 4) the claim
is substantially similar to a previous claim filed by the inmate.
      Our review of a dismissal under Chapter 14 is controlled by the abuse of discretion standard. 
Abuse of discretion is determined by whether the court acted without reference to any guiding
principles. Craddock v. Sunshine Bus Lines, 133 S.W.2d 136 (Tex. 1929).
      Appellees Vanderwrueff, Trefftzs, and Wilcox, as employees of the TDCJ-ID have common
law immunity from personal liability while performing discretionary duties within the scope of
their employment, so long as those duties are performed in good faith. Carpenter v. Barner, 797
S.W.2d 99, 101 (Tex. App.—Waco 1990, writ denied); Campbell v. Jones, 264 S.W.2d 425, 427
(Tex. 1954).
      Appellees Simpson and Gately as District Attorneys of the 52nd District are entitled to absolute
prosecutorial immunity for any activity associated with the judicial process. Imbler v. Pachtman,
424 U.S. 409 (1976); Brandt v. West, 892 S.W.2d 56, 70 (Tex. App.—Houston 1994, writ
denied).
      Appellee Zeigler is entitled to absolute judicial immunity for any activity associated with the
judicial process. Turner v. Pruitt, 342 S.W.2d 422, 423 (Tex. 1961); Brandt v. West, Id.
      All acts asserted by Appellant as a basis for liability against Appellees were acts performed
in connection with their official duties as prison officials, prosecutors, and as Judge. There is no
allegation in the amended petition against the prison officials or that the actions of the prison
officials were in bad faith as would be necessary to prevail on the claims, if any, against them.
      Thus the trial court did not act without reference to any guiding principles and did not abuse
his discretion in dismissing Appellant’s lawsuit as frivolous.
      Appellant’s contentions are overruled.
      The judgment is affirmed.
                                                                   FRANK G. McDONALD
                                                                   Chief Justice (Retired)
Before Chief Justice Davis
            Justice Gray and
            Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed August 15, 2001
Do not publish