Jimmy Lee HICKSON, Appellant,

v.

David MOYA, et al., Appellees.

No. 10–96–010–CV.

Court of Appeals of Texas,
Waco.

July 10, 1996.

Jimmy Lee Hickson, Iowa Park, pro se.

Before DAVIS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

VANCE, Justice.

In this appeal we determine whether the trial court properly dismissed, under Chapter Fourteen of the Civil Practice and Remedies Code, an inmate's petition filed *in forma pauperis*. TEX. CIV. PRAC. & REM.CODE ANN. §§ 14.001–.014 (Vernon Supp.1996).

### PROCEDURAL HISTORY

Jimmy Lee Hickson, a prison inmate, brought a suit *in forma pauperis* against David Moya, Senior Warden of the Alfred D. Hughes Unit of the Department of Criminal Justice (TDCJ). His suit alleged that his "Eighth Amendment right of sleeping was violated when: a) he was subjected to prison cell-block without heat, and undu[e] pain; and b) he was subjected to cold weather of the cell for 120 hours, without corrective

action after request for relief." He also alleged that those acts violated his Fourteenth Amendment "right to be free of arbitrary proceedings [of] misconduct." Finally, he said that the acts violated state law because they violated Department policy. He sought $80,000 in compensatory damages and $5,000 in punitive damages.

The court dismissed the cause, finding that the suit did not comply with Chapter Fourteen of the Civil Practice and Remedies Code, entitled "Inmate Litigation." *See id.* The court further found that the action was frivolous and malicious and that the claim had no arguable basis in law or fact. *Id.* § 14.003(a)(2).

## RULE AND STATUTES

Rule 145 of the Rules of Civil Procedure allows a "party who is unable to afford costs" to file an affidavit "[i]n lieu of filing security for costs." TEX.R. CIV. P. 145. Chapter Thirteen of the Civil Practice and Remedies Code allows a trial court to dismiss a suit filed under Rule 145 if the court finds that (1) the allegation of poverty in the affidavit is false or (2) the action is frivolous or malicious. TEX. CIV. PRAC. & REM.CODE ANN. § 13.001 (Vernon Supp.1996). Until recently, *in forma pauperis* inmate litigation was frequently dismissed under the provisions of Chapter Thirteen. *See, e.g., Birdo v. Schwartzer,* 883 S.W.2d 386 (Tex.App.—Waco 1994, no writ); *Smith v. Stevens,* 822 S.W.2d 152 (Tex.App.—Houston [1st Dist.] 1991, writ denied).

Effective June 8, 1995, the legislature enacted Chapter Fourteen of the Civil Practice and Remedies Code, "Inmate Litigation." TEX. CIV. PRAC. & REM.CODE ANN. §§ 14.001–.014. Chapter Thirteen was also amended, so that it no longer applies to inmate litigation covered by Chapter Fourteen. *Id.* § 13.004 (Vernon Supp.1996).

Chapter Fourteen applies to suits brought by an inmate who has filed "an affidavit or unsworn declaration of inability to pay costs." *Id.* § 14.002.[1] Section 14.003 allows a court to dismiss a suit before or after process is served if the court finds (1) that the allegation of poverty in the affidavit or unsworn declaration is false, (2) the claim is frivolous or malicious, or (3) the inmate filed an affidavit or unsworn declaration required by Chapter Fourteen that the inmate knew was false. *Id.* § 14.003(a). In determining whether a claim is frivolous or malicious, the court may consider whether (1) the claim's realistic chance of ultimate success is slight, (2) the claim has no arguable basis in law or in fact, (3) it is clear that the party cannot prove facts in support of the claim, or (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts. *Id.* § 14.003(b).

Section 14.004 requires that the inmate file a separate affidavit or declaration identifying each prior suit brought by the inmate, specifying the operative facts, the case name, the cause number, the court in which it was brought, the names of the parties, and stating the result of the suit. *Id.* § 14.004(a). This section also requires that the inmate file a certified copy of his trust-account statement from the Department. *Id.* § 14.004(c). Section 14.005 applies to complained-of acts that are subject to the statutorily-required grievance procedure set up by the Department. *Id.* § 14.005; TEX. GOV'T CODE ANN. § 501.008 (Vernon Supp.1996).

## STANDARD OF REVIEW

■ We have held that the standard for review of a dismissal under Chapter Thirteen is whether the court abused its discretion. *Birdo v. DeBose,* 819 S.W.2d 212, 214 (Tex. App.—Waco 1991, no writ). We now hold that our review of a dismissal under Chapter Fourteen is also controlled by the abuse-of-discretion standard. Abuse of discretion is determined by whether the court acted without reference to any guiding principles. *Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 133 S.W.2d 124, 126 (1939). Stated another way: Was the act of the court arbitrary or unreasonable? *Smithson v. Cessna Aircraft Co.,* 665 S.W.2d 439, 443 (Tex.1984); *Landry v. Travelers Ins. Co.,* 458 S.W.2d

---

**1.** Chapter Fourteen does not, however, apply to actions brought under the Family Code. TEX. CIV. PRAC. & REM.CODE ANN. § 14.002(b) (Vernon Supp. 1996).

649, 651 (Tex.1970). That an appellate court might have decided a matter within the trial judge's discretion in a different manner does not demonstrate that an abuse of discretion has occurred. *Southwestern Bell Tel. Co. v. Johnson,* 389 S.W.2d 645, 648 (Tex.1965); *Jones v. Strayhorn,* 159 Tex. 421, 321 S.W.2d 290, 295 (1959).

## DEFICIENCIES IN HICKSON'S FILING

 Hickson's petition was not accompanied by the affidavit or unsworn declaration required by section 14.004. TEX. CIV. PRAC. & REM.CODE ANN. § 14.004. We believe that Chapter Fourteen was designed to control the flood of frivolous lawsuits being filed in the courts of this State by prison inmates, consuming valuable judicial resources with little offsetting benefit. We have previously noted:

> Prisoners have everything to gain and little to lose by filing frivolous suits. *Green,* 788 F.2d at 1119. It costs them almost nothing; time is of no consequence to a prisoner; threats of sanctions are virtually meaningless; and the prisoner can look forward to a day trip to the courthouse. *Id.* Thus, the temptation to file a frivolous suit is strong. *Id.* at 1120. Such suits, however, waste valuable judicial resources and subject the state and its prison officials to the burden of unwarranted litigation, preventing claims with merit from being heard expeditiously. *Id.*

*Spellmon v. Sweeney,* 819 S.W.2d 206, 209 (Tex.App.—Waco 1991, no writ) (citing *Green v. McKaskle,* 788 F.2d 1116 (5th Cir.1986)). We believe that the supplemental filing required by section 14.004 is designed to assist the court in making the determinations that the legislature has called upon it to make; thus, it is an essential part of the process by which courts review inmate litigation. Because the court can dismiss when an inmate files a false affidavit or declaration, we believe that the same policy allows a court to dismiss a suit that is filed without the affidavit or declaration. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 14.003, 14.004.

## CONCLUSION

We find that the court did not abuse its discretion in dismissing Hickson's suit for failure to file the accompanying affidavit or unsworn declaration describing all prior litigation to which he was a party-plaintiff. *See id.; Birdo,* 819 S.W.2d at 214. We affirm the order of dismissal.