TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00305-CV






Donald Ray McCray, Appellant



v.



James R. Hine and Betty R. Hable, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT


NO. 99-03390, HONORABLE F. SCOTT MCCOWN, JUDGE PRESIDING 







 Donald Ray McCray appeals from the trial court's dismissal of his petition styled 
as an appeal from an investigation review hearing. We will affirm.

 James R. Hine is the executive director of the Texas Department of Protective and
Regulatory Services ("DPRS"). Betty R. Hable is the director of DPRS. McCray, a pauper
inmate, and his family apparently were investigated by DPRS.

 In the trial court, McCray alleged Hine told him that a former DPRS caseworker
stole McCray's family's case records. McCray alleged that an assistant to Hine reported the file
missing, and an investigation initiated by Hable pointed to the former caseworker. McCray
alleged that Hine violated state law by failing to report the theft to state law enforcement. He
asserted that state agencies are required to prepare and keep on file a complete written report of
each DPRS investigation. See Tex. Fam. Code Ann. § 261.402 (West 1996). He asserted that
biological parents are entitled to certain confidential DPRS papers used in an investigation of child
abuse or neglect. See Tex. Fam. Code Ann. §§ 261.201 & 261.402 (West 1996 and West Supp.
1999). He further asserted that these records are otherwise confidential. He finally noted that
government agencies cannot suspend, terminate, or discriminate against a public employee who
in good faith reports a violation of the law to an appropriate law enforcement authority. See Tex.
Govt. Code Ann § 554.002 (West Supp. 1999). McCray requested a temporary injunction (but
did not discuss what behavior he wanted enjoined), $2,000 in actual damages, $2,000 in punitive
damages, costs, and attorney's fees.

 Hine and Hable moved to dismiss on grounds that McCray failed to comply with
statutes governing litigation by pauper inmates. See Tex. Civ. Prac. & Rem. Code Ann.
§§ 14.004-.006 (West Supp. 1999). They complained that McCray did not file the affidavit
required of pauper inmates regarding previous litigation and its outcome. Id. § 14.004. They
also complained that he did not file an affidavit stating the date that the prison system denied his
grievance. Id. § 14.005. They finally complained that he failed to file a certified copy of his trust
account statement showing his account balance and account activity for the six months preceding
the filing of the suit. Id. § 14.006. 

 McCray objected to the motion to dismiss, complaining that appellees incorrectly
accused him of lying. He also asserted that he did not have to follow the grievance procedure and
that appellees filed the motion to dismiss to enable DPRS to conceal papers from the court.

 The trial court granted the motion to dismiss without specifying a basis. 

 Under procedures for reviewing litigation by pauper inmates, we can reverse the
dismissal of the trial-court judgment only if the court abused its discretion. Hickson v. Moya, 926
S.W.2d 397, 398 (Tex. App.--Waco 1996, no pet.). We must determine, not whether we would
have decided the way the trial court did, but whether the court acted without reference to any
guiding principles or acted arbitrarily or unreasonably. Id.

 The trial court's dismissal of the action despite McCray's objections does not reveal
an abuse of discretion. Contrary to McCray's assertion, we find no allegation of perjury in the
motion to dismiss. Appellees' motive in filing the motion to dismiss is irrelevant to determination
of whether the motion is meritorious. McCray, however, correctly asserted that the inmate
grievance procedure was inapplicable to complaints against persons (e.g., these DPRS officials)
outside of the Texas Department of Criminal Justice--Institutional Division. See Tex. Govt. Code
Ann. § 501.008(a) (West 1998). McCray did not object to every basis for the motion to dismiss. 
We must consider whether the court abused its discretion by basing its dismissal on any of the
remaining grounds of the motion.

 One of appellees' grounds for dismissal was McCray's failure to file an affidavit
regarding previous litigation and its outcome. Courts have upheld dismissals based on failure to
file the affidavit regarding past litigation. See Bell v. Texas Dept. of Criminal Justice--Inst. Div.,
962 S.W.2d 156, 158 (Tex. App.--Houston [14th Dist.] 1998, no pet.); Hickson, 926 S.W.2d at
399. The Houston Fourteenth Court held that, without the affidavit regarding previous suits, the
reviewing court is "entitled to assume the suit is substantially similar to one previously filed by
the inmate, and therefore, frivolous." Bell, 962 S.W.2d at 158. The Waco court held that,
because the court had the power to dismiss suits as frivolous when the inmate filed a false
affidavit, the court could also dismiss for failure to file a required affidavit. See Hickson, 926
S.W.2d at 399.

 We find no affidavit by McCray regarding previous litigation in the record. This
failure to file the required affidavit is among the bases for appellees' motion to dismiss. McCray
did not at trial, and does not on appeal, show that he filed such an affidavit. McCray's failure to
comply with statutory requirements for suits filed by pauper inmates means that the trial court did
not abuse its discretion by dismissing his suit.

 Having found a basis on which the trial court did not abuse its discretion by
granting the motion to dismiss, we need not consider the other bases.

 We affirm the judgment.



 
 

 J. Woodfin Jones, Justice

Before Justices Jones, Kidd and Patterson

Affirmed

Filed: October 14, 1999

Do Not Publish


See Tex. Fam. Code Ann. §§ 261.201 & 261.402 (West 1996 and West Supp.
1999). He further asserted that these records are otherwise confidential. He finally noted that
government agencies cannot suspend, terminate, or discriminate against a public employee who
in good faith reports a violation of the law to an appropriate law enforcement authority. See Tex.
Govt. Code Ann § 554.002 (West Supp. 1999). McCray requested a temporary injunction (but
did not discuss what behavior he wanted enjoined), $2,000 in actual damages, $2,000 in punitive
damages, costs, and attorney's fees.

 Hine and Hable moved to dismiss on grounds that McCray failed to comply with
statutes governing litigation by pauper inmates. See Tex. Civ. Prac. & Rem. Code Ann.
§§ 14.004-.006 (West Supp. 1999). They complained that McCray did not file the affidavit
required of pauper inmates regarding previous litigation and its outcome. Id. § 14.004. They
also complained that he did not file an affidavit stating the date that the prison system denied his
grievance. Id. § 14.005. They finally complained that he failed to file a certified copy of his trust
account statement showing his account balance and account activity for the six months preceding
the filing of the suit. Id. § 14.006. 

 McCray objected to the motion to dismiss, complaining that appellees incorrectly
accused him of lying. He also asserted that he did not have to follow the grievance procedure and
that appellees filed the motion to dismiss to enable DPRS to conceal papers from the court.

 The trial court granted the motion to dismiss without specifying a basis. 

 Under procedures for reviewing litigation by pauper inmates, we can reverse the
dismissal of the trial-court judgment only if the court abused its discretion. Hickson v. Moya, 926
S.W.2d 397, 398 (Tex. App.--Waco 1996, no pet.). We must determine, not whether we would
have decided the way the trial court did, but whether the court acted without reference to any
guiding principles or acted arbitrarily or unreasonably. Id.

 The trial court's dismissal of the action despite McCray's objections does not reveal
an abuse of discretion. Contrary to McCray's assertion, we find no allegation of perjury in the
motion to dismiss. Appellees' motive in filing the motion to dismiss is irrelevant to determination
of whether the motion is meritorious. McCray, ho