NO. 12-01-00056-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


RICHARD OWEN TAYLOR,
§
 APPEAL FROM THE 87TH

APPELLANTS



V.
§
 JUDICIAL DISTRICT COURT OF


VALERIE ANNETTE TAYLOR, ROBBIE

AULT, DONALD BETTINGER, DIANE

BETTINGER, CHRISTOPHER CHANCE,

AND JOHN DOE,

APPELLEES
§
 ANDERSON COUNTY, TEXAS

 

PER CURIAM


 Richard Owen Taylor appeals from the trial court's order dismissing his suit for interference
with possessory interests in his children. Taylor raises three issues complaining that the trial court
abused its discretion by dismissing his cause of action and the trial court erred in assessing costs and
fees against him. Because we agree the trial court abused its discretion, we reverse the trial court's
order and remand this cause for further proceedings.

 Taylor and his ex-wife, Valerie, were divorced in February of 2000. Valerie was named
managing conservator of their three young children and Taylor was named possessory conservator. 
Taylor, a resident of the Texas Department of Criminal Justice, has since been unable to see the
children. He filed suit against Valerie, her sister, her parents, her attorney, and a friend of hers
whose name Taylor does not know. Specifically citing Chapter 42 of the Texas Family Code, Taylor
alleged that the defendants interfered with his possessory interests in the three children. He alleged
that they concealed the whereabouts of the children and refused to inform him of their welfare.

 Three weeks after Taylor filed his petition, prior to service on the defendants and without a
hearing, the trial court entered an order of dismissal. The trial court specifically found that this
action is not brought under the Family Code and is governed by Chapter 14 of the Texas Civil
Practice and Remedies Code, which is entitled "Inmate Litigation." It then determined that Taylor's
claim in this cause is substantially similar to a previous claim filed by Taylor and, therefore, this
claim is frivolous or malicious. It dismissed the cause pursuant to section 14.003 of the Texas Civil
Practice and Remedies Code. See Tex. Civ. Prac. & Rem. Code Ann. § 14.003 (Vernon Supp.
2001).

 In his first issue, Taylor asserts the trial court abused its discretion by dismissing this cause
of action. Taylor argues that his suit alleges a cause of action pursuant to Chapter 42 of the Family
Code and, therefore, Chapter 14 of the Civil Practice and Remedies Code is inapplicable. We agree.

 Review of a dismissal under Chapter 14 is controlled by the abuse of discretion standard. 
Hickson v. Moya, 926 S.W.2d 397, 398 (Tex. App.-Waco 1996, no writ). Although Chapter 14 is
directed toward lawsuits initiated by inmates, it does not apply in every suit brought by an inmate. 
It does not apply to an action brought under the Family Code. Tex. Civ. Prac. & Rem. Code §
14.002(b) (Vernon Supp. 2001). The Family Code provides that a person who conceals the
whereabouts of a child in violation of a possessory right of another person may be liable for damages
to that person. Tex. Fam. Code Ann. § 42.002(a) (Vernon 1996).

 Taylor's petition stated that the action is brought pursuant to Title II, section (sic) 42, of the
Texas Family Code. The petition explained the identities of the parties and their relationship to one
another. Taylor stated in the petition that he is possessory conservator and that the defendants have
interfered with his right to possession by concealing the whereabouts of the children. Taylor's
petition sufficiently pleaded a cause of action under Chapter 42 of the Family Code. Accordingly,
Chapter 14 of the Texas Civil Practice and Remedies Code is inapplicable to Taylor's cause of
action. Any similarity between this claim and a prior claim filed by Taylor is inapposite. As the trial
court abused its discretion in applying Chapter 14 to dismiss the suit, we sustain Taylor's first issue. 
We need not reach Taylor's remaining issues. See Tex. R. App. P. 47.1.


 We reverse the trial court's order of dismissal and remand this cause to the trial court for
further proceedings.




Opinion delivered October 3, 2001.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.



































( DO NOT PUBLISH)