Anthony L. Banks v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-046-CR
No. 10-02-047-CR

     ANTHONY L. BANKS,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the Criminal District Court 3 of Dallas County
Dallas County, Texas
Trial Court Nos. F01-15008-WJ and F01-21948-QVJ
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      Anthony L. Banks pleaded guilty in a consolidated proceeding to aggravated robbery in trial
court cause number F01-15008-WJ (our cause number 10-02-046-CR) and to theft of property
valued at $20,000 or more but less than $100,000 in trial court cause number F01-21948-QVJ (our
cause number 10-02-047-CR). Pursuant to the State’s plea recommendation, the court assessed
Banks’s punishment at fifteen years’ imprisonment and a $3,000 fine in the aggravated robbery
case and ten years’ imprisonment and a $2,000 fine in the theft case. Banks filed a general notice
of appeal in both cases.
      To properly invoke the jurisdiction of this Court over an appeal from a negotiated guilty plea,
an appellant must file a notice of appeal which complies with Rule of Appellate Procedure
25.2(b)(3). See White v. State, 61 S.W.3d 424, 429 (Tex. Crim. App. 2001); Tex. R. App. P.
25.2(b)(3). Banks’s general notices of appeal do not. Accordingly, we dismiss Banks’s appeals
for want of jurisdiction.
 
                                                                         PER CURIAM
Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Appeals dismissed for want of jurisdiction
Opinion delivered and filed March 13, 2002
Do not publish
[CR25]



imes', serif">(a) A court may dismiss a claim, either before or after service of process, if the court
finds that:
(1) the allegation of poverty in the affidavit or unsworn declaration is false;
(2) the claim is frivolous or malicious; or
(3) the inmate filed an affidavit or unsworn declaration required by this chapter that
the inmate knew was false.
(b) In determining whether a claim is frivolous or malicious, the court may consider
whether:
(1) the claim’s realistic chance of ultimate success is slight;
(2) the claim has no arguable basis in law or fact;
(3) it is clear that the party cannot prove facts in support of the claim; or
(4) the claim is substantially similar to a previous claim filed by the inmate because
the claim arises from the same operative facts.

Id.
      Section 14.004 requires inmate petitions filed under Rule 145 to be accompanied by a separate
affidavit describing the nature and outcome of each previous suit initiated by the same plaintiff
other than suits brought under the Family Code or while the plaintiff was represented by an
attorney. Id. § 14.004(a). That section also requires that the inmate file a certified copy of his
trust account statement from the Department. See id. § 14.004(c). Section 14.005 requires an
inmate who files a claim that is subject to the grievance system established under Section 501.008
of the Government Code to file a separate affidavit noting the date the grievance was filed and
including a copy of the grievance committee’s decision. Id. § 14.005; Tex. Gov’t Code Ann.
§ 501.008 (Vernon 1998). 
STANDARD OF REVIEW
      We have held the standard for review of dismissal under Chapter Fourteen is whether the trial
court abused its discretion. See Hickson v. Moya, 926 S.W.2d 397, 398 (Tex. App.—Waco 1996,
no writ). A trial court may be reversed for abusing its discretion only when the court of appeals
finds the court acted in an unreasonable or arbitrary manner. See Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238 (Tex. 1985), cert. denied, 476 U.S. 1159, 106 S.Ct. 2279, 90
L.Ed.2d 721 (1986). Stated differently, abuse of discretion occurs when a trial court acts "without
reference to any guiding rules and principles." Id. at 241-42. A corollary principle is that the
court of appeals may not reverse for abuse of discretion merely because it disagrees with a
decision by the trial court, if that decision was within the trial court's discretionary authority. See
Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991); Downer, 701 S.W.2d at 242. 
Because an appellate court might have decided a matter within the trial judge's discretion in a
different manner does not demonstrate that the trial court abused its discretion. Southwestern Bell
Telephone Company v. Johnson, 389 S.W.2d 645, 648 (Tex. 1965); Jones v. Strayhorn, 159 Tex.
421, 321 S.W.2d 290, 295 (1959).
DEFICIENCIES IN PUGH’S FILING
      Pugh’s petition was not accompanied by the affidavit or unsworn declaration required by
Section 14.004. Tex. Civ. Prac. & Rem. Code Ann. § 14.004(a) (Vernon Supp. 1999). The
petition did not include an affidavit or unsworn declaration regarding the exhaustion of
administrative remedies, or a copy of the written decision by the grievance system required by
Section 14.005. Id. § 14.005(a). The supplemental filing required by Chapter Fourteen is an
essential part of the process by which courts review the disposition of inmate litigation. See
Hickson, 926 S.W.2d at 399. The trial court could properly have dismissed the suit for failure to
include the required affidavit or sworn declaration relating to previous filings. See id. The trial
court could also have dismissed the suit for failure to include an affidavit or sworn declaration
regarding the exhaustion of administrative remedies. See id. Thus, we hold the trial court did not
abuse its discretion in ordering the dismissal.
CONCLUSION
      Because the trial court could properly have dismissed Pugh’s suit under Section 14.004 or
14.005 of the Civil Practices and Remedies Code, dismissal was not outside the scope of the
court’s discretion. Because of our decision, we do not decide whether the claim was frivolous or
malicious, or failed to state a cause of action. We affirm the order of dismissal.
                                                                   ROBERT M. CAMPBELL
                                                                   Justice (Sitting by Assignment)

Before Chief Justice Davis
      Justice Vance, and
      Justice Campbell (Sitting by Assignment)
Opinion issued and filed October 13, 1999
Affirmed
Do not publish