NO. 12-02-00002-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS



REGINALD JONES,
§
 APPEAL FROM THE 349TH

APPELLANT


§
 JUDICIAL DISTRICT COURT OF


TEXAS BOARD OF CRIMINAL JUSTICE, 

TEXAS DEPARTMENT OF CRIMINAL

JUSTICE, TEXAS CORRECTIONAL

INDUSTRIES, GARY JOHNSON, 

DAVID STUMP, NEAL RAYFORD, 

KELLI WARD, GLENDA ADAMS, 

PRISCILLA DALY, DIANA OLIPHANT, §
 HOUSTON COUNTY, TEXAS

DAVID SWEETIN, DAVID STACKS, 

CHARLES FRIZZELL, THOMAS BUTLER, 

FRANCIS CHERIAN, BOBBY LANE, 

DWAYNE HUGHES, DAVID BULLARD, 

AND MICHAEL CAMPBELL,

APPELLEES







 Reginald Jones, an inmate confined in the Texas Department of Criminal Justice -
Institutional Division, appeals from the trial court's dismissal of his cause of action brought pursuant
to the Texas Tort Claims Act. Appellant named as defendants the Texas Board of Criminal Justice,
the Texas Department of Criminal Justice, Texas Correctional Industries, and sixteen individuals: 
Gary Johnson, David Stump, Neal Rayford, Kelli Ward, Glenda Adams, Priscilla Daly, Diana
Oliphant, David Sweetin, David Stacks, Charles Frizzell, Thomas Butler, Francis Cherian, Bobby
Lane, Dwayne Hughes, David Bullard, and Michael Campbell. In his sole issue, Appellant contends
the trial court erred in determining his cause of action is frivolous. We affirm.

 In his petition, Appellant alleged that the defendants wrongfully assigned him to work in the
garment factory. He explained that he suffers from asthma and nerve damage to his right hand. He
alleged that he was under medical restrictions because of those conditions and, therefore, could not
work in the garment factory. He further alleged that he refused to put himself at risk by working in
the garment factory and was then wrongfully punished for his refusal to work as assigned. Without
first having a hearing, the trial court found Appellant's claims to be frivolous or malicious and
dismissed Appellant's cause of action pursuant to Chapter Fourteen of the Texas Civil Practice and
Remedies Code.

 Chapter Fourteen of the Civil Practice and Remedies Code applies to in forma pauperis 
inmate litigation. See Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-14.014 (Vernon Supp. 2002). 
A court may dismiss a suit brought pursuant to that chapter before or after process is served if the
court finds that the claim is frivolous or malicious. Id. at § 14.003(a)(2). Review of a dismissal
under Chapter Fourteen is controlled by the abuse of discretion standard. Hickson v. Moya, 926
S.W.2d 397, 398 (Tex. App.- Waco 1996, no writ). The trial court abuses its discretion if it acts
arbitrarily and without reference to any guiding principles. Harrison v. Texas Dep't of Criminal
Justice - Institutional Div., 915 S.W.2d 882, 887 (Tex. App.- Houston [1st Dist.] 1995, no writ). 
We will affirm the dismissal if it was proper under any legal theory. Birdo v. DeBose, 819 S.W.2d
212, 215 (Tex. App.- Waco 1991, no writ).

 In making its determination under section 14.003, the court may also take into consideration
the requirements imposed by section 14.004. An inmate who files an affidavit or unsworn
declaration of inability to pay costs must file a separate affidavit or declaration setting out
information regarding certain previous lawsuits. Tex. Civ. Prac. & Rem. Code Ann. § 14.004(a). 
Failure to file this affidavit or declaration constitutes adequate grounds for dismissal of the inmate's
lawsuit. Jackson v. Texas Dep't of Criminal Justice - Institutional Div., 28 S.W.3d 811, 814 (Tex.
App.- Corpus Christi 2000, pet. denied); Hickson, 926 S.W.2d at 399. Here, although he did file
an affidavit of inability to pay costs, Appellant did not file an affidavit or declaration setting out
information regarding previous lawsuits. Therefore, the trial court did not err in dismissing
Appellant's lawsuit. We overrule Appellant's sole issue.

 We affirm the trial court's order of dismissal.

 LOUIS B. GOHMERT, JR. 

 Chief Justice


Opinion delivered August 14, 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.



(DO NOT PUBLISH)