Christopher Chance Rogers v. State
















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-201-CV

     CHRISTOPHER CHANCE ROGERS,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 52nd District Court
Coryell County, Texas
Trial Court # CIO-99-32460
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Christopher Chance Rogers filed a lawsuit against the State of Texas and “John Doe:
Falkner.”


 Rogers is an inmate at the Alfred D. Hughes Unit in Gatesville, Texas. The State filed
a motion to dismiss which the trial court granted. After the trial court severed his claims against
the State from his claims against Falkner, Rogers filed a notice of appeal. On appeal, Rogers
makes one general argument discussing why the dismissal was improper. We affirm.
      Chapter 14 of the Texas Civil Practice and Remedies Code applies to suits brought by an
inmate who has filed an affidavit or unsworn declaration of inability to pay costs. Tex. Civ.
Prac. & Rem. Code Ann. § 14.02(a) (Vernon Supp. 2002). We review a dismissal of a suit filed
under Chapter 14 for an abuse of discretion. Hickson v. Moya, 926 S.W.2d 397, 398 (Tex.
App.—Waco 1996, no pet.). Section 14.005 requires inmates filing in forma pauperis to declare
that they have attempted to resolve their complaint through the administrative grievance system. 
Tex. Civ. Prac.& Rem. Code Ann. § 14.005(a) (Vernon Supp. 2002). The inmate must
document the attempts by filing a copy of the written decision from the grievance system. Id. The
court shall dismiss the claim if the inmate does not file an affidavit or unsworn declaration
establishing that suit was filed before the 31st day after the inmate received the written decision
from the grievance system. Hines v. Massey, No. 09-01-050-CV, 2002 Tex. App. Lexis 4375,
*3-4 (Beaumont June 20, 2002, no pet. h.); see also Tex. Civ. Prac. & Rem. Code Ann. §
14.005(b) (Vernon Supp. 2002).
      In his petition, Rogers claimed his constitutional rights were violated when Falkner, a prison
guard, choked him and rammed his head into a concrete wall. He sought $250,000 in damages
and $10,000 in attorney’s fees.


 He filed the necessary affidavit/declaration of inability to pay
costs. He also filed an affidavit/declaration relating to a grievance system decision and the
exhaustion of administrative remedies. However, he did not state the date that the grievance was
filed and the date the written decision was received by him. Rogers also did not attach a copy of
the written decision from the grievance system. Thus, Rogers failed to establish the date by which
he had exhausted his administrative remedies or that he had instituted suit within 31 days of
receiving the written decision regarding his grievance. Thus, he failed to establish whether his
suit was timely filed as required by Chapter 14. The trial court did not abuse its discretion by
dismissing Rogers’s lawsuit. See Tex. Civ. Prac. & Rem. Code Ann. § 14.005(b) (Vernon
Supp. 2002); Hines, 2002 Tex. App. Lexis 4375 at *4-5.
      The trial court’s judgment is affirmed.

                                                                         TOM GRAY
                                                                         Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed August 28, 2002
Do not publish
[CV06]