NO. 07-02-0411-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

APRIL 11, 2003

_____

DONALD RAY MCCRAY, APPELLANT

V.

MATTHEW KEITH, APPELLEE

_____

FROM THE 136TH DISTRICT COURT OF JEFFERSON COUNTY;

NO. D-167,023; HONORABLE MILTON G. SHUFFIELD, JUDGE

_____

Before REAVIS and CAMPBELL, JJ., and BOYD, S.J.[1]

MEMORANDUM OPINION

In this appeal, appellant Donald Ray Keith, a penitentiary inmate proceeding *pro se*

and *in forma pauperis* brings this appeal from the trial court's dismissal of his suit against

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

appellee Matthew Keith, a pharmacist connected with the corrections system. In the suit, appellant sought both compensatory and punitive damages as a result of appellee's alleged change in appellant's prescription for hemorrhoid cream. For reasons later expressed, we affirm the judgment of the trial court.

In pursuing his appeal, although he has not filed a brief per se, appellant has filed an instrument in which he says, "I am requesting the appellant, motion to denied appellee brief be submitted to the Justice's of this court for a ruling." We interpret this as a request for us to proceed directly with the consideration of his appeal.

In appellee's motion to dismiss, he asserts he was entitled to dismissal of the suit because of appellant's failure to comply with the procedural prerequisites required under Chapter 14 of the Texas Civil Practice and Remedies Code (the Code).[2] Specifically, he alleged appellant had failed to comply with section 14.004 of the Code, which requires all inmates proceeding *in forma pauperis* to attach a list of all their previous lawsuits, and section 14.005(b) which requires inmates proceeding *in forma pauperis* to file suit within 31 days after receiving a written decision from the penitentiary grievance system. In his August 26, 2002 letter notifying the parties of his decision, the trial judge stated he was granting the motion because appellant had failed to file his lawsuit within the 31-day period mandated by section 14.005(b).

---

[2]Later references to section numbers are to those Chapter 14 sections as contained in the Texas Civil Practice and Remedies Code (Vernon 2002), unless otherwise specifically designated.

Chapter 14 of the Code applies to suits brought by an inmate who has filed "an affidavit or unsworn declaration of inability to pay costs." Section 14.02. The procedural requirements placed on suits filed by indigent inmates under Chapter 14 are designed to control the flood of frivolous lawsuits filed in the courts of this state by prison inmates consuming valuable judicial resources with little offsetting benefits. *Hickson v. Moya*, 926 S.W.2d 397, 399 (Tex. App.–Waco 1996, no pet.). Requiring indigent inmates to file affidavits related to their previous filings, to exhaust their administrative remedies, to file suit within 31 days after the decision on their grievances and to dismiss their suits if they do not comply furthers the legitimate, even compelling, state interest in protecting scarce judicial resources by protecting against the filing of frivolous civil lawsuits. *Hicks v. Brysch*, 989 F.Supp. 797, 823 (W.D. Tex. 1997). Prohibiting prisoners with a history of instituting frivolous and malicious litigation from proceeding *in forma pauperis* clearly serves to deter such abuses of our judicial system. *Hickson*, 926 S.W.2d at 399; *Hicks*, 989 F.Supp. at 823. The standard for review of a dismissal under Chapter 14 is whether in doing so the trial court abused its discretion. *Hickson*, 926 S.W.2d at 398. A court abuses its discretion if it acts without reference to guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985), *cert. denied*, 476 U.S.1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

Chapter 14.005(b) of the Code provides that "a court *shall* dismiss a claim if the inmate fails to file the claim before the 31st day after the date the inmate receives the written decision from the grievance system." Parenthetically, the supreme court has

3

explicated that "shall" is generally construed as mandatory unless the legislature indicates otherwise. *See Albertson's, Inc. v. Sinclair*, 984 S.W.2d 958, 961 (Tex. 1999). Although appellant received the grievance written decision on February 25, 2002, he did not file his lawsuit until April 15, 2002, a period in excess of 31 days from the date of its receipt. The trial court's action was in compliance with the statute and it did not abuse its discretion. *See Sanders v. Palunsky*, 36 S.W.3d 222, 226-27 (Tex. App.–Houston [14th Dist.] 2001, no pet.).

Accordingly, the judgment of the trial court must be, and is hereby, affirmed.


John T. Boyd
Senior Justice