NO. 12-02-00367-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
SAMUEL G. NEWTON, III,                             §                 APPEAL FROM THE 349TH
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

CLINTON W. DELESPINE,
APPELLEE                                                        §                 HOUSTON COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Appellant Samuel G. Newton, III (“Newton”), an inmate in the Texas Department of
Criminal Justice-Institutional Division (“TDCJ”), filed a civil suit against Appellee Clinton W.
Delespine (“Delespine”), also an inmate at TDCJ. Newton appeals the trial court’s order dismissing
his suit pursuant to Texas Civil Practice and Remedies Code, section 14.003. He raises two issues
on appeal. We reverse and remand. 
 
BackgroundNewton filed a civil suit against Delespine. In his lawsuit, Newton alleges that Delespine
breached a contract and made fraudulent misrepresentations. As a result, Newton claims he suffered
financial loss as well as mental anguish and emotional distress. On October 24, 2002, without
conducting a hearing, the trial court found that Newton’s suit was frivolous or malicious and
dismissed it with prejudice pursuant to Texas Civil Practice and Remedies Code, section 14.003. 
The trial court further ordered Newton to pay the total amount of court fees and costs for the suit. 
In the Order of Dismissal, the trial court ordered TDCJ to withdraw money from Newton’s trust
account until the total amount is paid or until Newton is released. This appeal followed.
 
Dismissal Pursuant to Texas Civil Practice
and Remedies Code Chapter 14
            In his first issue, Newton argues that the trial court’s dismissal was improper. We review the
trial court’s dismissal under an abuse of discretion standard. Hickson v. Moya, 926 S.W.2d 397, 398
(Tex. App.–Waco 1996, no writ). A trial court abuses its discretion if it acts arbitrarily, capriciously,
and without reference to any guiding rules or principles. Lentworth v. Trahan, 981 S.W.2d 720, 722
(Tex. App.–Houston [1st Dist.] 1998, no pet.). The trial courts are given broad discretion to
determine whether a case should be dismissed because (1) prisoners have a strong incentive to
litigate, (2) the government bears the cost of an in forma pauperis suit, (3) sanctions are not
effective, and (4) the dismissal of unmeritorious claims accrue to the benefit of state officials, courts,
and meritorious claimants. See Montana v. Patterson, 894 S.W.2d 812, 814-15 (Tex. App.–Tyler
1994, no writ).
            Chapter 14 of the Texas Civil Practice and Remedies Code controls suits brought by an
inmate in which the inmate has filed an affidavit or unsworn declaration of inability to pay costs.


 
Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a) (Vernon 2002); Hickson, 926 S.W.2d at 398. 
Section 14.003 provides that a trial court may dismiss a claim before or after service of process if
the court finds that the claim is frivolous or malicious. Tex. Civ. Prac. & Rem. Code Ann.
§ 14.003(a)(2). 
            In the instant case, the relevant portions of the trial judge’s order of dismissal read as follows:
 
. . . It is obvious to the Court that this civil action is not brought under the Family Code and is a cause
of action governed by chapter 14 of the Texas Civil Practices [sic] and Remedies Code. The Court
finds the claim to be frivolous or malicious. 
 
Accordingly and pursuant to Chapter 14 of the Texas Civil Practices [sic] and Remedies Code, the
petition as filed is ordered dismissed . . . with prejudice.


Newton asserts the trial court erred in dismissing his claim because his claim was not governed by
Chapter 14. We agree. 
            Section 14.002(a) states that “[t]his chapter applies only to a suit brought by an inmate in a
district . . . in which an affidavit or unsworn declaration of inability to pay costs is filed by the
inmates.” Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a). Newton did not declare or swear that
he was unable to pay costs; therefore, his civil action was not an in forma pauperis suit.


 Because
Chapter 14 does not govern this suit, the trial court erred in dismissing the action pursuant to Chapter
14. Accordingly, we sustain Newton’s first issue.
 
Disposition
            Having sustained Newton’s first issue, we reverse the trial court’s judgment and remand the
case for further proceedings consistent with this opinion. Because Newton’s first issue is dispositive,
we need not address his second issue. Tex. R. App. P. 47.1.



                                                                                                    SAM GRIFFITH 
                                                                                                               Justice
 
 
Opinion delivered July 14, 2004.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.










(PUBLISH)