NO. 07-08-0415-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 6, 2009

______________________________

JAMES ISHMAEL TIBBS, APPELLANT

V.

WARDEN SAVERS, ET AL., APPELLEES

_________________________________

FROM THE 69TH DISTRICT COURT OF HARTLEY COUNTY;

NO. 4315H; HONORABLE RON ENNS, JUDGE

_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant, James Ishmael Tibbs, proceeding pro se and in forma pauperis, appeals
from the trial court’s order dismissing his suit against Warden Savers, et al., for alleged civil
rights violations. By a sole issue, Tibbs asserts the trial court abused its discretion in
denying his Motion for Judgment Nihil Dicit and Motion to Prosecute. Although inartfully
drafted, Tibbs complains of the trial court’s dismissal of his suit. Appellees contend the trial
court correctly dismissed Tibbs’s suit for failure to comply with the requirements of chapter
14 of the Texas Civil Practice Code. We agree with Appellees and affirm. 
Background Facts
          According to the clerk’s record, Tibbs filed grievances against Appellees, employees
at the Dalhart Unit of the Texas Department of Criminal Justice. He alleged that certain
Department employees were censoring his letters to newspapers and other organizations.

 
The clerk’s record reflects that disciplinary action was taken against Tibbs for the content
of the letters. Tibbs filed grievances against Department officials for being punished for the
content of the letters. After the grievance procedures, he filed a civil rights complaint
against Appellees. He also filed an affidavit declaring his indigence. As such, he was
required to file an Affidavit Relating to Previous Filings required by section 14.004 of the
Texas Civil Practice and Remedies Code. 
          The affidavit filed by Tibbs entitled simply “Affidavit,” provides as follows:
I’ve filed several civil action suits and have been sancioned [sic] by the 5th
Circuit Court of Appeals, I’ve no means to fully apprize this Court of all the
civil claims I’ve filed, however; this is an original first time for this issue I’m
very confident of success due to the fact that stare decissions [sic] . . . .
 
          Appellees filed a Motion to Dismiss Tibbs’s suit for failure to comply with sections
14.004 (requiring an affidavit relating to previous filings) and 14.005 (requiring an affidavit
of exhaustion of administrative remedies) of the Texas Civil Practice and Remedies Code. 
Tibbs filed an objection to the motion and attempted to remedy his failure to comply with
the requirements of section 14.004 by asserting: 
Cause No. 1; cv00546 MAC KFG Document #;2 1 filed 09/15/2008 page 2
Tibbs v. Martin, No5;96cv354 (EDTex. Feb. 3, 1997) (dismissed as frivolous)
aff’d No97 40182 (5th cir. April 8th, 1998) (appeal dismissed as frivolous);
Tibbs v. TDCJ ID No.5; 96cv321 (E.D.Tex. Dec. 20, 1997) dismissed as
frivolous, aff’d 97 40079 (5th Cir. Oct. 23, 1997) (appeal dismissed as
frivolous)
This information just came from UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TEXAS 211W. Ferguson Tyler Texas 75702
However the 69th Judicial Dis. Crt, Has waived this Issue and can not barr
[sic] under Section 14.004.
 
          The trial court signed an order dismissing Tibbs’s suit against Appellees “without
prejudice due to his failure to comply with the requirement of Section 14.004(a)(2) of the
TEXAS CIVIL PRACTICE AND REMEDIES CODE.”
          We review the dismissal of an in forma pauperis suit filed by an inmate for abuse of
discretion. Hickson v. Moya, 926 S.W.2d 397, 398 (Tex.App.–Waco 1996, no writ). A trial
court abuses its discretion when its ruling is arbitrary, unreasonable, or without reference
to any guiding rules or legal principles. K-Mart Corp. v. Honeycutt, 24 S.W.3d 357, 360
(Tex. 2000); Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). 
We are mindful that pro se pleadings are evaluated by less stringent standards than those
applied to formal pleadings filed by attorneys.  Haines v. Kerner, 404 U.S. 519, 520, 92
S.Ct.594, 30 L.Ed.2d 652 (1972).
          The statutory scheme for inmate litigation is contained in chapter 14 of the Texas
Civil Practice and Remedies Code Annotated (Vernon 2002). The purpose of chapter 14
is to assist the trial court in determining whether a suit is malicious or frivolous under
section 14.003(a). Hickson, 926 S.W.2d at 399. 
          Section 14.004(a)(1) requires an inmate who files an affidavit of inability to pay costs
to file a separate affidavit of every suit filed pro se, without regard to whether he was an
inmate at the time, other than suits filed under the Texas Family Code. Pursuant to
subsection (a)(2), the affidavit shall describe each suit and (A) state the operative facts, (B)
list the case name, cause number, and court in which suit was filed, (C) identify each party,
and (D) state the result of the suit, including whether it was dismissed as frivolous or
malicious. Under subsection (b), an inmate must declare the date of the final order
affirming the dismissal of a previous suit if it was dismissed as frivolous or malicious.
Finally, subsection (c) requires that the affidavit be accompanied by a certified copy of the
inmate’s trust account statement. 
          The original affidavit filed by Tibbs was deficient in all the requirements of section
14.004(a)(2). He substantially complied with subsection (b) and did file a certified copy of
his trust account as required by subsection (c). Notwithstanding the amendment to his
affidavit contained in his objection to the motion to dismiss, it still lacked the information
necessary to remedy his original affidavit and was of no assistance to the trial court in
determining whether the underlying suit was frivolous or malicious. Thus, we conclude the
trial court did not abuse its discretion in dismissing Tibbs’s suit against Appellees. Tibbs’s
sole contention is overruled.
          Accordingly, the trial court’s judgment is affirmed.

                                                                           Patrick A. Pirtle

                                                                                 Justice

Times New Roman"> We disagree that error is shown. First, the record to which appellant refers does
not support an inference that the colloquies in question took place during a "custodial
interrogation." Neither does it show that appellant had "unambiguously" invoked her right
to counsel at the time in question. However, appellant argues that her right to counsel
during any questioning had been invoked on her behalf by her father. She cites Janecka
v. State, 739 S.W.2d 813 (Tex. Crim. App. 1987), for the proposition that an accused
person's attorney may invoke a defendant's right to counsel. The Janecka court did
indeed opine that "[u]nder certain circumstances . . . an accused's attorney can speak for
the accused in invoking Fifth Amendment protections." Id. at 828. The court, however,
went on to explain those "circumstances." It explained that an attorney may speak for his
client in invoking the Fifth Amendment rights if 1) the attorney-client relationship exists, 2)
the attorney invokes the Fifth Amendment right to counsel in the presence of the accused
or after conferring with the accused, 3) the accused does nothing to contradict his attorney,
and 4) the officers agree not to question the accused in the attorney's absence. (2) Id. As
applied here, the teaching of the case is that if appellant's father was actually representing
her as an attorney at the time in question, the questioning amounted to "custodial
interrogation," and the officers had clearly been informed by the attorney not to question
her, then the attorney's invocation of her rights would be sufficient. However, under this
record, the trial judge would be justified in concluding that the questions were directed to
pre-arrest conduct and were not the result of custodial interrogation. Moreover, he could
reasonably have concluded that the record was not sufficient to clearly show that either
appellant's father, assuming he was acting as her attorney at the time, or appellant had
invoked her Fifth Amendment right or her Sixth Amendment right to counsel. Moreover,
the record does not show appellant made any objection to the questions.

 Additionally, during appellant's cross-examination, and prior to the first colloquy,
appellant was asked, without objection, whether she called the police when she got to her
boyfriend's house after the occurrence, to which she replied that she did not. She was
then asked, again without objection, why she did not call the police and her reply was that
she did not think they would be involved. Subsequently, without objection, she admitted
she had never called the police after the incident and admitted that the first time anyone
got to hear her story was at the time of the trial. The record shows that testimony about
appellant's silence was received on several occasions without objection. Thus, the
question was not properly preserved for appellate review.

 For the reasons we have set out, the record does not show reversible error. 
Accordingly, appellant's point is overruled, and the judgment of the trial court is affirmed.

 John T. Boyd

 Senior Justice

Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. Tex. Gov't Code Ann. 75.002(a)(1) (Vernon Supp. 2003). 
2. However, in footnote 6 on page 828, the court qualified that fourth condition by
noting that if an accused or his attorney has stated a desire to talk to the police only in the
presence of counsel, that request must be honored "whether or not police officers agree."