# NO. 12-08-00455-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *SIMMONS THEODORE YLIYAH NA'BI,*<br>*APPELLANT* | § | *APPEAL FROM THE 87TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *SANDRA TITLOW,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Simmons Theodore Yliyah Na'bi appeals from the trial court's dismissal of his suit under Chapter 14 of the Texas Civil Practice and Remedies Code. In his sole issue, Na'bi contends the trial court abused its discretion in dismissing his suit with prejudice. We reverse the trial court's order and remand this suit to the trial court for further proceedings consistent with this opinion.

### FACTUAL AND PROCEDURAL BACKGROUND

Na'bi, an inmate in the Texas Department of Criminal Justice – Institutional Division (TDCJ), filed suit against Sandra Titlow, a TDCJ employee. Na'bi sued Titlow under the Texas Theft Liability Act found in Chapter 134 of the Texas Civil Practice and Remedies Code, alleging that she converted funds from his inmate trust account.

Prior to filing suit, Na'bi completed the grievance process as required by Chapter 14 of the Civil Practice and Remedies Code and Chapter 508 of the Government Code. However, the date that Na'bi received a written response to his step 2 grievance is not clear from the record before us. Na'bi filed suit on July 9, 2008. The trial court dismissed the suit with prejudice for failure to file suit before the thirty-first day after

receiving a response to his step 2 grievance under Section 14.005(b) of the Texas Civil Practice and Remedies Code. Na'bi timely appealed the trial court's dismissal order.

### THE TRIAL COURT'S DISMISSAL OF NA'BI'S LAWSUIT

In his sole issue, Na'bi maintains that the trial court abused its discretion in dismissing his suit as untimely under Texas Civil Practice and Remedies Code Section 14.005(b).

### Standard of Review

We review the trial court's dismissal of an *in forma pauperis* suit under an abuse of discretion standard. *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex. App.—Waco 1996, no writ). A trial court abuses its discretion if it acts arbitrarily, capriciously, and without reference to any guiding rules or principles. *Lentworth v. Trahan*, 981 S.W.2d 720, 722 (Tex. App.—Houston [1st Dist.] 1998, no pet.). "[A] trial court has no discretion in determining what the law is or applying the law to the facts." *Spitzer v. Berry*, 247 S.W.3d 747, 750 (Tex. App.—Tyler 2008, pet. denied) (quoting *In re Kuntz*, 124 S.W.3d 179, 181 (Tex. 2003) (orig. proceeding)).

### Applicable Law

Chapter 14 of the Texas Civil Practice and Remedies Code controls suits brought by an inmate in which the inmate filed an affidavit or unsworn declaration of inability to pay costs.[1] TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (Vernon 2002); *Hickson,* 926 S.W.2d at 398. The inmate must comply with the procedural requirements set forth in Chapter 14. TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.002(a), 14.004, 14.005 (Vernon 2002). Failure to fulfill those procedural requirements will result in dismissal of an inmate's suit. *Brewer v. Simental*, 268 S.W.3d 763 (Tex. App.—Waco 2008, no pet.) (citing *Bell v. Texas Dep't of Crim. Justice-Inst. Div.*, 962 S.W.2d 156, 158 (Tex. App.—Houston [14th Dist.] 1998, pet. denied)).

One such procedural requirement is that the inmate must properly exhaust his administrative remedies by completing the grievance process. TEX. CIV. PRAC. & REM.

---

[1] Chapter 14 does not apply to Family Code lawsuits. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(b) (Vernon 2002).

CODE ANN. § 14.005 (Vernon 2002); *Leachman v. Dretke*, 261 S.W.3d 297, 308-10 (Tex. App.—Fort Worth 2008, no pet.) (op. on reh'g) (describing grievance process). In addition, even if the inmate properly completes the grievance process, including timely filing his step 1 and step 2 grievance forms, he must file suit before the thirty-first day after receipt of a written response to the grievance. TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b) (Vernon 2002). A failure to do so will result in dismissal. *Id.*

## Discussion

Here, the trial court recited in its dismissal order that "[o]n July 24, 2008, Plaintiff filed his complaint. The Court finds the inmate received a written copy of the grievance decision on May 14, 2008. Plaintiff failed to file the action before the 31st [day] after the date the inmate received the written decision." Contrary to the trial court's findings, the record shows that Na'bi filed his original petition on July 9, 2008. Additionally, Na'bi did not submit the step 2 form until May 14, 2008. However, the trial court found that Na'bi received his step 2 written response on that date. That finding is incorrect. Moreover, the written response itself is dated May 28, 2008, but it is not clear from the record when Na'bi received the response. On the face of the step 2 grievance response, May 27, 2008 and June 5, 2008 were both separately stamped on the page without any further information as to what those dates mean. Consequently, the date by which Na'bi was required to file his lawsuit cannot be determined from the record. Therefore, the trial court's finding that Na'bi's lawsuit was not filed "before the 31st [day] after the date he received the written decision" is erroneous. Because this finding is erroneous, the trial court erred in dismissing Na'bi's suit. Accordingly, we sustain Na'bi's sole issue.

## DISPOSITION

We *reverse* the trial court's order of dismissal with prejudice and *remand* this suit to the trial court for further proceedings consistent with this opinion.

       **JAMES T. WORTHEN**
       Chief Justice

Opinion delivered October 21, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

3