NO









NO. 12-08-00455-CV

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

 

SIMMONS THEODORE YLIYAH
NA’BI,     '     APPEAL
FROM THE 87TH

APPELLANT

 

V.                                                                         '     JUDICIAL
DISTRICT COURT OF

 

SANDRA TITLOW,

APPELLEE                                                        '     ANDERSON COUNTY, TEXAS

 





                                                      MEMORANDUM
OPINION

Simmons
Theodore Yliyah Na’bi appeals from the trial court’s dismissal of his suit
under Chapter 14 of the Texas Civil Practice and Remedies Code.  In his sole
issue, Na’bi contends the trial court abused its discretion in dismissing his
suit with prejudice. We reverse the trial court’s order and remand this suit to
the trial court for further proceedings consistent with this opinion. 

 

Factual and Procedural Background

            Na’bi,
an inmate in the Texas Department of Criminal Justice – Institutional Division
(TDCJ), filed suit against Sandra Titlow, a TDCJ employee.  Na’bi sued Titlow
under the Texas Theft Liability Act found in Chapter 134 of the Texas Civil
Practice and Remedies Code, alleging that she converted funds from his inmate
trust account.

            Prior
to filing suit, Na’bi completed the grievance process as required by Chapter 14
of the Civil Practice and Remedies Code and Chapter 508 of the Government Code.
However, the date that Na’bi received a written response to his step 2
grievance is not clear from the record before us.  Na’bi filed suit on July 9,
2008.  The trial court dismissed the suit with prejudice for failure to file
suit before the thirty-first day after receiving a response to his step 2
grievance under Section 14.005(b) of the Texas Civil Practice and Remedies
Code.  Na’bi timely appealed the trial court’s dismissal order. 

 

The Trial Court’s Dismissal of Na’bi’s Lawsuit

In
his sole issue, Na’bi maintains that the trial court abused its discretion in
dismissing his suit as untimely under Texas Civil Practice and Remedies Code Section
14.005(b).

Standard
of Review

We
review the trial court=s
dismissal of an in forma pauperis suit under an abuse of discretion
standard.  Hickson v. Moya, 926 S.W.2d 397, 398 (Tex. App.—Waco
1996, no writ).  A trial court abuses its discretion if it acts arbitrarily,
capriciously, and without reference to any guiding rules or principles.  Lentworth
v. Trahan, 981 S.W.2d 720, 722 (Tex. App.—Houston [1st Dist.] 1998, no
pet.).  “[A] trial court has no discretion in determining what the law is or
applying the law to the facts.”  Spitzer v. Berry, 247 S.W.3d 747,
750 (Tex. App.—Tyler 2008, pet. denied) (quoting In re Kuntz, 124
S.W.3d 179, 181 (Tex. 2003) (orig. proceeding)). 

Applicable
Law

Chapter
14 of the Texas Civil Practice and Remedies Code controls suits brought by an
inmate in which the inmate filed an affidavit or unsworn declaration of
inability to pay costs.[1]  Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a) (Vernon 2002); Hickson, 926
S.W.2d at 398.  The inmate must comply with the procedural requirements set
forth in Chapter 14.  Tex. Civ. Prac.
& Rem. Code Ann. §§ 14.002(a), 14.004, 14.005 (Vernon 2002).  Failure
to fulfill those procedural requirements will result in dismissal of an
inmate's suit.  Brewer v. Simental, 268 S.W.3d 763 (Tex. App.—Waco 2008, no pet.) (citing Bell v. Texas Dep't of Crim. Justice-Inst. Div.,
962 S.W.2d 156, 158 (Tex. App.—Houston [14th Dist.] 1998, pet. denied)). 

One
such procedural requirement is that the inmate must properly exhaust his
administrative remedies by completing the grievance process.  Tex. Civ. Prac. & Rem. Code Ann. §
14.005 (Vernon 2002); Leachman v. Dretke, 261 S.W.3d 297, 308-10
(Tex. App.—Fort Worth 2008, no pet.) (op. on reh’g) (describing grievance
process).  In addition, even if the inmate properly completes the grievance
process, including timely filing his step 1 and step 2 grievance forms, he must
file suit before the thirty-first day after receipt of a written response to
the grievance.  Tex. Civ. Prac. &
Rem. Code Ann.  § 14.005(b) (Vernon 2002).  A failure to do so will
result in dismissal. Id.

Discussion

            Here,
the trial court recited in its dismissal order that “[o]n July 24, 2008,
Plaintiff filed his complaint.  The Court finds the inmate received a written
copy of the grievance decision on May 14, 2008.  Plaintiff failed to file the
action before the 31st [day] after the date the inmate received the
written decision.”  Contrary to the trial court’s findings, the record shows
that Na’bi filed his original petition on July 9, 2008.  Additionally,
Na’bi did not submit the step 2 form until May 14, 2008.  However, the trial
court found that Na’bi received his step 2 written response on that date.  That
finding is incorrect.  Moreover, the written response itself is dated
May 28, 2008, but it is not clear from the record when Na’bi received the
response.  On the face of the step 2 grievance response, May 27, 2008 and June
5, 2008 were both separately stamped on the page without any further information
as to what those dates mean.  Consequently, the date by which Na’bi was
required to file his lawsuit cannot be determined from the record.  Therefore,
the trial court’s finding that Na’bi’s lawsuit was not filed “before the 31st
[day] after the date he received the written decision” is erroneous.  Because
this finding is erroneous, the trial court erred in dismissing Na’bi’s suit. 
Accordingly, we sustain Na’bi’s sole issue.

 

Disposition

We
reverse the trial court’s order of dismissal with prejudice and remand
this suit to the trial court for further proceedings consistent with this
opinion.



                                                                                                    
JAMES T. WORTHEN    

                                                                                                                
Chief Justice

Opinion delivered October 21, 2009.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

(PUBLISH)









      
[1] Chapter 14 does not apply to Family Code lawsuits. Tex. Civ. Prac. & Rem. Code Ann. ' 14.002(b) (Vernon 2002).