

# IN THE
# TENTH COURT OF APPEALS

### No. 10-08-00141-CV

**PAUL JAMES KOUMJIAN,**

**Appellant**

 **v.**

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTION DIVISION AND
UNIVERSITY OF TEXAS MEDICAL BRANCH,
CORRECTIONAL MANAGED CARE,**

**Appellees**

### From the 12th District Court
### Walker County, Texas
### Trial Court No. 24058

## MEMORANDUM OPINION

Paul James Koumjian appeals the trial court's dismissal of his proceeding finding that it was frivolous because it did not comply with Chapter 14 of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001 *et. seq.* (Vernon 2002). Koumjian complains that the trial court erred by sustaining special exceptions at the same time as the suit was dismissed; that the motion to dismiss the suit did not address Koumjian's current live pleading; that the objections made by the

Attorney General regarding his failure to exhaust any administrative remedies and because the statute of limitations barred certain of his claims were wrongfully sustained; that the objection to his affidavit regarding previous litigation was wrongfully sustained; that the special exceptions to his property deprivation and denial of court access claims were improperly granted; and that the trial court erred in not granting a temporary restraining order and temporary injunction based on his claims. Because we find that the trial court did not abuse its discretion in dismissing this proceeding for failure to comply with Section 14.004 of the Texas Civil Practice and Remedies Code, we affirm the judgment of the trial court.

*Standard of Review*

We review the trial court's dismissal of an *in forma pauperis* suit filed by an inmate under an abuse of discretion standard. *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex. App.—Waco 1996, no writ). A trial court abuses its discretion if it acts arbitrarily and without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). A dismissal for failure to file a proper description of the inmate's prior litigation is not an abuse of discretion. *Bell v. Tex. Dep't of Criminal Justice-Inst. Div.*, 962 S.W.2d 156, 158 (Tex. App.—Houston [14th Dist.] 1998, pet. denied); *Hickson*, 926 S.W.2d at 398.

According to Koumjian, he had previously filed approximately 15-20 separate suits. He does not deny that his affidavit was incomplete, but that he was unable to properly prepare the affidavit due to lost records. The Office of the Attorney General

filed a motion to dismiss Koumjian's claims, in part due to his failure to fully comply with the affidavit requirement in Section 14.004.

Koumjian did attach an affidavit concerning his previous filings with his petition. However, the affidavit did not include a description of each suit previously brought with details stating the operative facts for which relief was sought or the names of the parties as required by Section 14.004. With respect to the affidavit, it has been previously held that when an inmate does not comply with the affidavit requirements of Section 14.004, the trial court is entitled to assume the suit is substantially similar to one previously filed by the inmate, and therefore, frivolous. *Melton v. Hendrix*, No. 10-07-00058-CV, 2008 Tex. App. LEXIS 2578 at *7 (Tex. App.—Waco April 9, 2008, no pet.) (*citing Bell*, 962 S.W.2d at 158; *Hickson*, 926 S.W.2d at 399) (trial court does not err when dismissing a suit under Chapter 14 when the inmate has filed no affidavit, or a defective one). Because Koumjian failed to describe his previous filings with sufficient detail, the trial court could act within its discretion in dismissing Koumjian's suit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.004; *Bell*, 962 S.W.2d at 158; *Hickson*, 926 S.W.2d at 398.

*Conclusion*

We find that the trial court did not abuse its discretion in dismissing Koumjian's suit. Therefore, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Reyna, and
      Justice Davis
Affirmed
Opinion delivered and filed November 25, 2009
[CV06]