NO. 07-02-0411-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



APRIL 11, 2003



______________________________




DONALD RAY MCCRAY, APPELLANT



V.



MATTHEW KEITH, APPELLEE




_________________________________



FROM THE 136TH DISTRICT COURT OF JEFFERSON COUNTY;



NO. D-167,023; HONORABLE MILTON G. SHUFFIELD, JUDGE



_______________________________



Before REAVIS and CAMPBELL, JJ., and BOYD, S.J. (1) 

MEMORANDUM OPINION


 In this appeal, appellant Donald Ray Keith, a penitentiary inmate proceeding pro se
and in forma pauperis brings this appeal from the trial court's dismissal of his suit against
appellee Matthew Keith, a pharmacist connected with the corrections system. In the suit,
appellant sought both compensatory and punitive damages as a result of appellee's
alleged change in appellant's prescription for hemorrhoid cream. For reasons later
expressed, we affirm the judgment of the trial court.

 In pursuing his appeal, although he has not filed a brief per se, appellant has filed
an instrument in which he says, "I am requesting the appellant, motion to denied appellee
brief be submitted to the Justice's of this court for a ruling." We interpret this as a request
for us to proceed directly with the consideration of his appeal.

 In appellee's motion to dismiss, he asserts he was entitled to dismissal of the suit
because of appellant's failure to comply with the procedural prerequisites required under
Chapter 14 of the Texas Civil Practice and Remedies Code (the Code). (2) Specifically, he
alleged appellant had failed to comply with section 14.004 of the Code, which requires all
inmates proceeding in forma pauperis to attach a list of all their previous lawsuits, and
section 14.005(b) which requires inmates proceeding in forma pauperis to file suit within
31 days after receiving a written decision from the penitentiary grievance system. In his
August 26, 2002 letter notifying the parties of his decision, the trial judge stated he was
granting the motion because appellant had failed to file his lawsuit within the 31-day period
mandated by section 14.005(b). 

 Chapter 14 of the Code applies to suits brought by an inmate who has filed "an
affidavit or unsworn declaration of inability to pay costs." Section 14.02. The procedural
requirements placed on suits filed by indigent inmates under Chapter 14 are designed to
control the flood of frivolous lawsuits filed in the courts of this state by prison inmates
consuming valuable judicial resources with little offsetting benefits. Hickson v. Moya, 926
S.W.2d 397, 399 (Tex. App.-Waco 1996, no pet.). Requiring indigent inmates to file
affidavits related to their previous filings, to exhaust their administrative remedies, to file
suit within 31 days after the decision on their grievances and to dismiss their suits if they
do not comply furthers the legitimate, even compelling, state interest in protecting scarce
judicial resources by protecting against the filing of frivolous civil lawsuits. Hicks v. Brysch,
989 F.Supp. 797, 823 (W.D. Tex. 1997). Prohibiting prisoners with a history of instituting
frivolous and malicious litigation from proceeding in forma pauperis clearly serves to deter
such abuses of our judicial system. Hickson, 926 S.W.2d at 399; Hicks, 989 F.Supp. at
823. The standard for review of a dismissal under Chapter 14 is whether in doing so the
trial court abused its discretion. Hickson, 926 S.W.2d at 398. A court abuses its discretion
if it acts without reference to guiding rules or principles. See Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985), cert. denied, 476 U.S.1159, 106
S.Ct. 2279, 90 L.Ed.2d 721 (1986).

 Chapter 14.005(b) of the Code provides that "a court shall dismiss a claim if the
inmate fails to file the claim before the 31st day after the date the inmate receives the
written decision from the grievance system." Parenthetically, the supreme court has
explicated that "shall" is generally construed as mandatory unless the legislature indicates
otherwise. See Albertson's, Inc. v. Sinclair, 984 S.W.2d 958, 961 (Tex. 1999). Although
appellant received the grievance written decision on February 25, 2002, he did not file his
lawsuit until April 15, 2002, a period in excess of 31 days from the date of its receipt. The
trial court's action was in compliance with the statute and it did not abuse its discretion. 
See Sanders v. Palunsky, 36 S.W.3d 222, 226-27 (Tex. App.-Houston [14th Dist.] 2001,
no pet.).

 Accordingly, the judgment of the trial court must be, and is hereby, affirmed. 


 John T. Boyd

 Senior Justice


 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. 
Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003). 
2. Later references to section numbers are to those Chapter 14 sections as contained
in the Texas Civil Practice and Remedies Code (Vernon 2002), unless otherwise
specifically designated.



e"
 UnhideWhenUsed="false" Name="Medium Shading 2 Accent 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-09-00138-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



JUNE
7, 2010

 



 

DAVID RUFUS BUTLER, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 47TH DISTRICT COURT OF RANDALL
COUNTY;

 

NO. 20,302-A; HONORABLE HAL MINER, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Appellant, David Rufus Butler,
appeals his conviction for the offense of burglary of a habitation[1]
and sentence of fifty years incarceration in the Institutional Division of the
Texas Department of Criminal Justice.  We
affirm.

 

 

Background

            Around
8:00 p.m. on November 16, 2008, appellant was seen driving his vehicle into the
Nantucket Apartments at a high rate of speed. 
As appellant pulled the vehicle into a parking space, he struck a steel
pole supporting an upstairs balcony. 
Appellant emerged from the vehicle and went to the door of one of the
apartments.  Appellant threw open the
screen door to the apartment, and began knocking on the door while yelling
obscenities at the occupant of the apartment, Cherice
Olivares, and requesting that he be admitted into the apartment.  Olivares did not invite appellant into the
apartment.  When Olivares refused to
allow appellant into the apartment, appellant began violently hitting and
kicking the door and demanding that he be allowed to enter the apartment.

            When
appellants attempts to gain entry into the apartment were rebuffed, appellant
broke out the front window of the apartment and climbed into the apartment
through the window frame.  Olivares began
screaming, and two neighbors called 911. 
After a brief period of time, appellant exited the apartment through the
broken window, got into his vehicle, and drove off at a high rate of
speed.  Soon after appellant left the
apartment, Olivares called 911 to report the incident.  Olivares reported that she had been
assaulted.

            After
appellant left the scene, one of the neighbors who had called 911, Jessica
Thompson, went to the apartment to check on Olivares.  Because the apartment door would not open,
Thompson spoke to Olivares through the broken window.  When Thompson spoke to Olivares, she noticed
that Olivares had a black eye, red marks on her person, and kept placing her
hand on the back of her head.  Olivares
told Thompson that her boyfriend, appellant, had entered the apartment and
began hitting her with a closed fist and tried to drag her through the window
frame by her ponytail.

            Officer
Trent Thomas of the Amarillo Police Department was dispatched to the
apartment.  Thomas spoke with Olivares,
who was crying and very emotional. 
Thomas asked Olivares what happened, and Olivares told him that she had
been assaulted inside the apartment. 
Olivares told Thomas that the suspect[2]
crawled through the broken window and struck her in the back of the head
several times, knocked her to the ground, and dragged her by her hair toward
the front door.  Thomas indicated that
Olivares had blood on her arm and hand, a laceration on her elbow, and a black
eye.

            Subsequently,
appellant was charged by indictment with the offense of burglary of a
habitation, enhanced by two prior felony convictions.  Appellant pleaded not guilty, and trial was
commenced.  During trial, appellant
attempted to elicit testimony that Olivares had threatened to commit suicide on
November 16, 2008, and that his actions at the apartment were directed toward
assisting Olivares.  To refute this
defensive theory and to provide context for the States theory of the case, the
State offered evidence of appellants alleged assault against Olivares on
October 2, 2008.  Appellant objected to
the admission of evidence of the October incident under Rules 404(b) and 403 of
the Texas Rules of Evidence, but the trial court overruled the objections.  At the close of evidence and during the
charge conference, appellant requested the trial court add a jury instruction
on the defense of necessity, but the trial court sustained the States
objection to inclusion of this instruction. 
However, the trial court did include an instruction limiting the jurys
consideration of the evidence of the October 2008 incident.  The case was submitted to the jury, who found
appellant guilty of burglary of a habitation. 
Following presentation of evidence on punishment, the jury sentenced
appellant to fifty years incarceration.  

            By three issues, appellant appeals.  By his first issue, appellant contends that
the evidence was factually insufficient to support appellants conviction for
burglary of a habitation.  By his second
issue, appellant contends that the trial court erred in refusing to include a
necessity instruction in the jury charge. 
By his third issue, appellant contends that the trial court erred in
admitting evidence of the October 2, 2008 extraneous offense.  We will address appellants issues in reverse
order.

The Charged Offense

            Appellant
was charged with the offense of burglary of a habitation.  Burglary of a habitation can be committed by
multiple means, see Tex. Penal
Code Ann. § 30.02(a); however, as applicable to this case, the State was
required to prove that appellant entered the habitation of Olivares, without
the effective consent of Olivares, with intent to commit an assault.  See id. at
§ 30.02(a)(1).  

 

 

Extraneous Offense Evidence

            By
his third issue, appellant contends that the trial court erred in admitting
evidence of an assault that appellant is alleged to have committed against
Olivares on October 2, 2008.  When the
State offered evidence of this alleged assault, appellant objected that it was
impermissible evidence of character conformity and that its probative value was
substantially outweighed by the danger of unfair prejudice.  See Tex.
R. Evid. 403, 404(b).[3]  However, appellants issue on appeal is
limited to his Rule 403 objection.[4]

Standard of Review

As
appellant=s issue relates to the trial court=s admission of evidence, we review
the decision under the abuse of discretion standard.  See Billodeau
v. State, 277 S.W.3d 34, 39 (Tex.Crim.App.
2009).  The test for abuse of discretion
is whether the trial court acted without reference to any guiding rules and
principles.  Montgomery
v. State, 810 S.W.2d 372, 380 (Tex.Crim.App.
1991).  A reviewing court applying
the abuse of discretion standard should not reverse a trial judge=s decision whose ruling was within
the zone of reasonable disagreement.  Green v. State, 934 S.W.2d 92, 102 (Tex.Crim.App.
1996).  

Rule 403
provides that, [a]lthough relevant, evidence may be
excluded if its probative value is substantially outweighed by the danger of
unfair prejudice, confusion of the issues, or misleading the jury, or by
considerations of undue delay, or needless presentation of cumulative evidence.  The use of the word may
in Rule 403 reflects an intent that the trial judge be given very substantial
discretion in balancing probative value and unfair prejudice and that this
determination should not be reversed simply because a reviewing court believes
that it would have decided the matter otherwise.  Manning v. State,
114 S.W.3d 922, 926 (Tex.Crim.App. 2003) (citing Montgomery,
810 S.W.2d at 379).  

When
evidence is objected to under Rule 403, the trial court must balance the probativeness of the evidence with the danger of unfair
prejudice, but start with a presumption favoring probative value.  Feldman v. State, 71
S.W.3d 738, 754 (Tex.Crim.App. 2002).  In performing the required balancing, a trial
court should consider (1) the inherent probative force of the proffered item of
evidence along with (2) the proponent's need for that evidence against (3) any
tendency of the evidence to suggest decision on an improper basis, (4) any
tendency of the evidence to confuse or distract the jury from the main issues,
(5) any tendency of the evidence to be given undue weight by a jury that has
not been equipped to evaluate the probative force of the evidence, and (6) the
likelihood that presentation of the evidence will consume an inordinate amount
of time or repeat evidence already admitted.  Casey v. State, 215 S.W.3d 870, 880 (Tex.Crim.App. 2007).

 

Analysis

            Appellant objected to the States offer of testimonial
evidence regarding an alleged assault that appellant committed against Olivares
on October 2, 2008.  Appellant contends
that the only purpose served by this evidence was to characterize appellant as
an assaultive criminal in general and that the State had no need to present
the evidence since the prior offense was not germane to the jurys
understanding of the case.  The
State responds that the prior assault was relevant evidence of appellants
intent to assault Olivares in the apartment, an element of the offense as
charged, and was contextual evidence that was necessary to explain to the jury
why appellant and Olivares were having the confrontation.

            Evidence was presented that appellant sought admission
into the apartment on November 16, 2008, to attempt to persuade Olivares to ask
the prosecutors to dismiss the criminal complaint filed against him based on
the October incident.  Thus, evidence
that charges had been filed against appellant based on a prior incident between
appellant and Olivares was relevant to establish the context for the events of
November 16.  In this respect, the
evidence of the prior incident clarified the jurys understanding of the events
of November 16, rather than confusing or misleading the jury.  Additionally, that the events of November 16
were the result of the pending assault charges rebuts appellants defensive
theory that he broke into the apartment to prevent Olivares from hurting
herself.  Evidence of extraneous bad acts
or offenses allegedly committed by the accused has been held admissible to
rebut a defensive theory raised by the accused. 
Wheeler v. State, 67 S.W.3d 879, 886 n.18 (Tex.Crim.App.
2002) (quoting Albrecht v. State, 486 S.W.2d 97, 101 (Tex.Crim.App. 1972)). 
Further, when an accused challenges an element of the offense requiring
proof of intent, admission of extraneous offense evidence can help prove intent
if the required intent cannot be inferred from the act itself or if the accused
presents evidence to rebut the inference that the required intent existed.  Johnson v. State,
932 S.W.2d 296, 302 (Tex.App.--Austin 1996, pet. refd).  Thus,
we conclude that the evidence of the prior assault was probative evidence of
appellants intent when he entered the apartment and that the State had a
significant need for this evidence to rebut appellants defensive theory that
he entered the apartment to help Olivares. 
Further, we note that the presentation of the evidence regarding the
October incident did not take a significant amount of time to develop, was not
the sort of evidence that would likely be given undue weight by the jury, and
did not suggest decision on an improper basis. 
Finally, the possibility that the jury would use the evidence of an
extraneous offense for an improper purpose was greatly lessened by the trial
courts jury charge instruction regarding the limited purposes for which the
jury could consider the evidence of the October incident.  See Williams v. State, 937
S.W.2d 479, 490 (Tex.Crim.App. 1996) (jury is assumed
to follow an instruction as given).

            After considering the evidence of the October incident in
light of the Casey factors, we cannot say that the trial court abused
its discretion in overruling appellants Rule 403 objection.  Consequently, we overrule appellants third
issue.

 

 

Necessity
Instruction

            By his second issue, appellant contends that the evidence
established that appellant broke the window and entered the apartment to
prevent an immediate suicide attempt by Olivares, and, as such, the trial court
erred in denying appellants requested jury instruction on the necessity
justification.  The State responds that
appellant was not entitled to a necessity instruction because he did not admit
that he committed each element of the charged offense and the evidence did not
establish that appellants actions were necessary to avoid imminent harm.

Standard of Review

            Review of a claim of charge error starts with a
determination of whether the trial court committed error.  See Mann v. State, 964 S.W.2d 639, 641 (Tex.Crim.App.
1998).  If error is found, then the
reviewing court must determine whether sufficient harm resulted from the error
to require reversal.  Id.

Analysis

            Necessity justifies criminal conduct if: 

(1) the actor reasonably believes the conduct
is immediately necessary to avoid imminent harm;

(2) the desirability and urgency of avoiding
the harm clearly outweigh, according to ordinary standards of reasonableness,
the harm sought to be prevented by the law proscribing the conduct; and

(3) a legislative purpose to exclude the
justification claimed for the conduct does not otherwise plainly appear.

Tex.
Penal Code Ann. § 9.22
(Vernon 2003).  Conduct is defined as an act or
omission and its accompanying mental state. 
Tex. Penal Code Ann. §
1.07(a)(10) (Vernon Supp. 2009).  To raise necessity as a defense, the
defendant must admit he committed the offense and then offer necessity as a
justification.  Young
v. State, 991 S.W.2d 835, 839 (Tex.Crim.App.
1999).  The admission of the
offense is required because one cannot establish that an act is justified
without first identifying, or admitting to the commission of the act.  McGarity v. State, 5 S.W.3d 223, 227 (Tex.App.--San
Antonio 1999, no pet.).  The Texas
Court of Criminal Appeals has recently clarified that the confession and
avoidance doctrine applies to the necessity defense and, therefore, a defendant
must admit to the conduct of the charged offense, both the act and culpable
mental state, to be entitled to a necessity instruction.  Juarez v. State, No.
PD-0666-09, 2010 Tex.Crim.App.
LEXIS 179, at *1 (Tex.Crim.App.
March 31, 2010).

            In the present case, appellant did not admit to
committing the conduct for which he was charged, burglary of a habitation.  Appellant did not testify during the
guilt-innocence phase of trial.  See
Maldonado v. State, 902 S.W.2d 708, 712 (Tex.App.El Paso 1995, no pet.) (Appellant did not testify
during the guilt-innocence phase of trial. His failure to do so or to otherwise
admit his crimes prevents him from benefitting from the defense of necessity.).  While appellant did not contest the evidence
establishing that he committed the act of entering into Olivaress
apartment, he did contest whether he took this action with the requisite mental
state of the charged offense, i.e.,
with the intent to commit an assault. 
Because appellants defensive theory was predicated on a denial that he
possessed the culpable mental state required to prove that he committed the
offense of burglary of a habitation, appellant was not entitled to a necessity
instruction.  See Juarez,
2010 Tex.Crim.App. LEXIS 179, at
*21.  Since appellant was not
entitled to a necessity instruction, the trial court did not err in denying
appellants request for an instruction on the defense of necessity.

            The requirement that a defendant must admit to all
elements of a charged offense, including the culpable mental state, to be
entitled to a defensive instruction does not apply when the defensive issue, by
its terms, negates the culpable mental state. 
See id. at *7.  While appellants defensive evidence
regarding his belief that he needed to break into Olivaress
apartment to protect Olivares was likely sufficient to entitle him to a jury
instruction on mistake of fact, see Tex.
Penal Code Ann. § 8.02; Granger v. State, 3 S.W.3d 36, 41 (Tex.Crim.App. 1999) (mistake of fact defense, by its terms,
negates the culpable mental state), he did not request
such a jury instruction from the trial court and does not present that argument
on appeal.  See Tex. R. App. P. 33.1(a)(1).  

We
overrule appellants second issue.

Factual Sufficiency

By his
first issue, appellant contends that the evidence was factually insufficient to
support appellants conviction for burglary of a habitation.[5]  By this issue, appellants main arguments are
that he had the effective consent of Olivares when he entered the apartment and
that, because Olivares testified that appellant did not assault her when he
entered the apartment, the evidence of his intent to commit an assault was too
weak to support his conviction for burglary of a habitation.

Standard of Review

            When an appellant challenges the factual sufficiency of
the evidence supporting his conviction, the reviewing court must determine
whether, considering all the evidence in a neutral light, the jury was
rationally justified in finding the appellant guilty beyond a reasonable
doubt.  See Watson v. State,
204 S.W.3d 404, 415 (Tex.Crim.App.
2006).  In performing a factual
sufficiency review, we must give deference to the fact finders determinations
if supported by evidence and may not order a new trial simply because we may
disagree with the verdict.  See id.
at 417.  As an
appellate court, we are not justified in ordering a new trial unless there is
some objective basis in the record demonstrating that the great weight and
preponderance of the evidence contradicts the jurys verdict.  See id.  Additionally, an appellate opinion addressing
factual sufficiency must include a discussion of the most important evidence
that appellant claims undermines the jurys
verdict.  Sims v.
State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).

 

Analysis

            Appellants contention that he had consent to enter the
apartment is premised on Olivaress testimony that
she was not shocked when appellant arrived at her apartment and that, at one
point, Olivares attempted to open the front door to the apartment, but was
unable to do so.  However, whether
Olivares expected appellants arrival at the apartment has no bearing on
whether she consented to his entry into the apartment, especially in light of Olivaress testimony that she did not expressly consent to
his entering the apartment.  Further,
because Olivares was unable to open the front door, her actions in no way
implied that appellant had consent to enter the apartment.  Further, appellants actions in hitting and
kicking the door to the apartment combined with evidence that he repeatedly
threatened to break into the apartment if Olivares did not allow him to enter
was sufficient to allow the jury to rationally conclude that appellant did not
have the effective consent of Olivares to enter the apartment when he broke the
window and entered the apartment.

            As to appellants intent to commit assault when entering
the apartment, this was the element of the offense that was most contested
during the trial.  While Olivares did
testify that appellant did not hurt her after breaking into the apartment, the
jury heard evidence that appellant was angry and demanding entry into the
apartment, Olivares called 911 immediately after the incident and reported that
she had been assaulted, Thompson observed red marks on Olivares soon after the
incident, and Olivares told Thompson and Thomas that she had been assaulted.  Additionally, the jury heard evidence that
appellant had previously assaulted Olivares, was angry with Olivares because
she had not attempted to get charges in that case dismissed, and came to the
apartment with the intent to get Olivares to drop these charges.  Finally, the totality of the evidence
strongly preponderates in favor of appellants being at the apartment in an
attempt to scare or force Olivares to pursue having the prior assault charges
against appellant dropped, rather than out of a genuine concern that Olivares
was in immediate danger.  Giving the jury
its due deference in resolving conflicts in the evidence and resolving issues
of credibility and demeanor, see Johnson v. State, 23 S.W.3d 1,
8-9 (Tex.Crim.App. 2000), we cannot say that the
evidence was factually insufficient to establish that appellant entered Olivaress apartment with the intent to commit an assault.

            As the only remaining elements of the offense for which
appellant was charged, appellants identity and whether appellant entered Olivaress apartment, were not disputed at trial or on
appeal, we conclude that the evidence was factually sufficient to sustain
appellants conviction for burglary of a habitation.  As such, we overrule appellants first issue.

Conclusion

            Having overruled each of appellants issues, we affirm
the judgment of the trial court. 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

Do not publish.  











[1]
See Tex. Penal Code Ann. § 30.02 (Vernon 2003).

 





[2] Nothing in the record
recounting this conversation between Thomas and Olivares indicates that Olivares
ever specifically identified appellant as being the assailant.  All of Thomass testimony at trial referred
to the suspect.





[3] Further references to
the Texas Rules of Evidence will be by reference to Rule ___.

 





[4] While the State
contends that appellant waived his objection to this evidence by, later in the
trial, stating that he had no objection to the admission of the complaint
that was filed relating to the October 2, 2008 incident, for purposes of this
opinion, we will assume, without deciding, that appellant did not waive his
objection.





[5] Appellant presents
one conclusory statement that might be interpreted as
a challenge to the legal sufficiency of the evidence.  However, appellants issue is framed solely
as a challenge to the factual sufficiency of the evidence and his prayer
requests only that the judgment be reversed and remanded for new trial.  See Clewis
v. State, 922 S.W.2d 126, 133-34 (Tex.Crim.App.
1996) (remedy for legally insufficient evidence is acquittal, while remedy for
factually insufficient evidence is remand for new trial).  Thus, we will limit our review of appellants
issue to whether the evidence was factually sufficient to support the
conviction.