NO. 07-04-0549-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JUNE 23, 2006



______________________________




HERBERT FEIST, APPELLANT



v.



KEITH SR. WARDEN PRICE, APPELLEE




_________________________________



FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;



NO. 48629-C; HON. PATRICK A. PIRTLE, PRESIDING



_______________________________



Before QUINN, C.J., REAVIS, J., and BOYD, S.J. (1)

MEMORANDUM OPINION
 This is a pro se appeal from the trial court dismissal of an application by appellant,
a pro se penal inmate, for a temporary injunction and other incremental relief from asserted
violations of penitentiary proceedings and policies as well as patterns of prejudicial
behavior against appellant. The action was dismissed by the trial court on August 18,
2004, for want of prosecution. We affirm the order of the trial court.

 This appeal presents three issues for our decision. Those issues are: 1) did the trial
court abuse its discretion in dismissing appellant's suit under Chapter 14 of the Texas Civil
Practice and Remedies Code, 2) did the trial court err in dismissing appellant's suit without
a hearing, and 3) did the trial court err in refusing to appoint counsel for appellant.

Statute

 Effective June 8, 1995, the legislature enacted Chapter 14 of the Civil Practice and
Remedies Code entitled "Inmate Litigation." Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-014 (Vernon 2002). With the exception of actions brought under the Family Code, Chapter
14 applies to suits brought by inmates who have filed "an affidavit or unsworn declaration
of inability to pay costs." Id. §14.002. Section 14.004 requires that an inmate file with his
suit a separate affidavit or declaration identifying each prior suit brought by the inmate,
specifying the operative facts, the case name, the cause number, the court in which it was
brought, the names of the parties, and the result of the suit.

Standard of Review


 The standard by which a dismissal under Chapter 14 is reviewed is whether the trial
court abused its discretion in doing so. A trial court abuses its discretion when it acts
without reference to any guiding principles or, stated another way, it acts arbitrarily or
unreasonably. Hickson v. Moya, 926 S.W.2d 397, 398 (Tex. App.-Waco 1996, no writ). 
In making the decision whether the trial court abused its discretion, the fact that an
appellate court might have decided a matter within the trial court's discretion in a different
manner does not demonstrate that an abuse of discretion occurred. Id. at 399. 

Discussion


 Logical continuity requires us to initially discuss whether the trial court reversibly
erred in failing to appoint an attorney to represent appellant in this matter. In a civil case,
a district judge may only appoint counsel for an indigent party in exceptional instances in
which the public interests at stake may be such that the administration of justice may be
best served by the appointment of counsel. See Travelers Indemnity Co. v. Mayfield, 923
S.W.2d 590, 594 (Tex. 1996); Tex. Gov't Code Ann. §24.016 (Vernon 2004). Indeed, our
supreme court, noting that cases of this nature are so commonplace that the legislature
enacted Chapter 14 to curb this particular area of litigation, has opined that the mere fact
that an inmate brings suit against an employee of the prison in which the inmate is
incarcerated does not constitute such an exceptional circumstance as to warrant appointed
counsel. See Gibson v. Tolbert, 102 S.W.3d 710, 713 (Tex. 2003). Likewise, this suit is
neither of such exceptional character as to require the appointment of counsel nor has
appellant demonstrated that the public and private interests at stake here are so
exceptional as to justify the appointment of counsel. Thus, the trial court did not reversibly
err in refusing to do so.

 The purpose of Chapter 14 is obvious. In adopting it, the legislature recognized the
problem of constant, often duplicative, inmate litigation in this state and sought to reduce
such litigation by requiring the inmate to notify the trial court of previous litigation and the
outcome of such litigation. In this way, the trial court could determine, based upon
previous filings, if the suit was frivolous because the inmate had previously filed a similar
claim. See Bell v. Texas Dep't of Crim. Justice-Institutional Div., 962 S.W.2d 156, 157-58
(Tex. App.-Houston [14th Dist.] 1998, pet. denied).

 In this case, appellant did attach an affidavit of previous filings that showed some
seven previous filings. However, in none of these listings did he set forth any of the
operative facts involved in the filings. The requirement that such facts be listed is an
important and critical factor in enabling a trial court to determine if the suit is a frivolous one
because of previous similar filed suits.

 Because of appellant's failure to comply with the mandatory requirements of
Chapter 14, the trial court acted within its discretion in dismissing his suit. Accordingly, we
must, and do hereby, affirm the judgment of the trial court.


 John T. Boyd

 Senior Justice
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2005). 



henUsed="false" Name="Colorful Shading"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00444-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



OCTOBER
28, 2010

 



 

HENRY CASTILLO, JR., APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 181ST DISTRICT COURT OF POTTER
COUNTY;

 

NO. 60,609-B; HONORABLE JOHN B. BOARD, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

Pending before the Court is the
motion of appellant Henry Castillo, Jr. to dismiss his appeal.  Appellant and his attorney signed the
motion.  Tex. R. App.
P. 42.2(a).  No decision of this
Court having been delivered to date, we grant the motion.  Accordingly, the appeal is dismissed.  No motion for rehearing will be entertained
and our mandate will issue forthwith.

                                                                                                James
T. Campbell

                                                                                                            Justice

 

Do not publish.