NO. 07-04-0229-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JUNE 30, 2006

_____


MYRON DAVID GREEN, APPELLANT

v.

THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE-
INSTITUTIONAL DIVISION AND TEXAS TECH
UNIVERSITY'S CORRECTIONAL MANAGED
HEALTH CARE, ET AL., APPELLEES


_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO.  91,966-E; HON. ABE LOPEZ, PRESIDING

_____

Before QUINN, C.J., REAVIS, J., and BOYD, S.J.[1]

**MEMORANDUM OPINION**

This *pro se* appeal arises from a suit, also filed *pro se*, by appellant against

appellees, the Texas Department of Criminal Justice and Texas Tech University's

Correctional Managed Health Care, et al.  In the suit, appellant, an inmate of the Texas

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.
Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2005).

penal system, sought recovery of damages alleged to have been suffered by him because of an asserted taking of orthopedic footware medically required to be worn by him as well as a refusal to furnish him medical care necessitated by the taking and destruction of the footware. We affirm the order of the trial court.

This appeal presents three issues for our decision. Those issues are: 1) did the trial court abuse its discretion in dismissing appellant's suit under Chapter 14 of the Texas Civil Practice and Remedies Code; 2) did the trial court err in doing so without a hearing; and 3) did the trial court err in failing to appoint counsel for appellant.

## Statute

Effective June 8, 1995, the legislature enacted Chapter 14 of the Civil Practice and Remedies Code entitled "Inmate Litigation." Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-014 (Vernon 2002). With the exception of actions brought under the Family Code, Chapter 14 applies to suits brought by an inmate who has filed "an affidavit or unsworn declaration of inability to pay costs." *Id.* §14.002. Section 14.004 requires that an inmate file with his suit a separate affidavit or declaration identifying each prior suit brought by the inmate. That affidavit or declaration must specify the operative facts, the case name, the cause number, the court in which it was brought, the names of the parties, and the result of the suit.

## Standard of Review

The standard by which a dismissal under Chapter 14 is reviewed is by an abuse of discretion. That standard is determined by a decision whether the dismissing court acted without reference to any guiding principles, or, stated another way, was the action of the court arbitrary or unreasonable. *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex. App.–Waco

2

1996, no writ). In making that decision, the fact that an appellate court might have decided a matter within the trial court's discretion differently from the decision made by the trial court does not demonstrate that an abuse of discretion occurred. *Id.* at 399.

Discussion

Logical continuity requires that we first consider whether the trial court reversibly erred in failing to appoint an attorney to represent appellant in this matter. A district judge may appoint counsel for an indigent party in a civil case in exceptional instances in which the public interests at stake may be such that the proper administration of justice may be best served by the appointment of counsel. *See Travelers Indem. Co. v. Mayfield*, 923 S.W.2d 590, 594 (Tex. 1996); Tex. Gov't Code Ann. §24.016 (Vernon 2004). Indeed, our Texas Supreme Court, noting that inmate suits are so commonplace that the legislature enacted Chapter 14 to curb this particular area of litigation, opined that the mere fact that an inmate brings suit against an employee of the prison in which the inmate is incarcerated does not constitute an exceptional circumstance such as to warrant appointed counsel. *See Gibson v. Tolbert*, 102 S.W.3d 710, 713 (Tex. 2003). Likewise, this suit is neither of such exceptional character as to require the appointment of counsel nor has appellant demonstrated that the public and private interests at stake here are such as to require the appointment of counsel. Thus, the trial court did not err in failing to do so.

The purpose of Chapter 14 is obvious. In adopting it, the legislature recognized the problem of constant, often duplicative, inmate litigation in this state, and sought to reduce such litigation by requiring the inmate to notify the trial court of previous litigation and the outcome of such litigation. In this way, the trial court could determine, based upon previous filings, if the suit was frivolous because the inmate had previously filed a similar claim. *See*

3

*Bell v. Texas Dep't of Crim. Justice-Institutional Div.*, 962 S.W.2d 156, 157-58 (Tex. App.–Houston [14[th] Dist.] 1998, pet. denied).

In this case, although appellant did list a previous filing made by him, in doing so he merely listed the general nature of the suit without stating the underlying facts which formed the basis of the suit. Without the pleading of those alleged operative facts, the trial court could not have determined whether the instant suit was frivolous because of its similarity to the previous filing as required by the statute. As we have noted above, the stating of the operative facts of the prior suit is mandatory.

Because of the failure to plead the operative facts of the prior suit, the trial court did not abuse its discretion in dismissing this suit without a hearing. Accordingly, we must, and do hereby, affirm the judgment of the trial court.

John T. Boyd
Senior Justice

4